WILLIAM E. VEASEY *vs.* WILLIAM F. CARSON & another.

Hampden. September 25, 1900. — October 19, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Broker's Commission for Sale of Real Estate — Failure to communicate Identity of Real Purchaser — Breach of Good Faith — Law and Fact.*

Under the circumstances of this case, which was an action of contract to recover a commission for the sale of real estate, it cannot be said, as matter of law, that the identity of the real purchaser was a fact so material that the failure of the plaintiff to communicate it to the defendant was such a breach of good faith as to preclude a recovery by the plaintiff.

CONTRACT, to recover a commission for sale of the real estate of the defendant in Westfield. At the trial in the Superior Court, before *Maynard*, J., it appeared that William F. Carson was the agent of his wife, the other defendant, Effie M. Carson; that the plaintiff concealed the name of the real purchaser, Delaney, and substituted therefor the name of one Williams, to whom the estate was conveyed and who afterwards conveyed it to Delaney. At the close of the evidence the defendant made the following requests for rulings :

1. Upon all the evidence, the plaintiff is not entitled to recover. 2. To recover, the plaintiff must satisfy the jury that in making said sale he was employed by the defendant. 3. If the plaintiff was employed by the defendant, and in making said

sale acted or attempted to act for, or to serve, directly or indirectly, both the seller and buyer, he cannot recover. 4. If the plaintiff was employed by the defendant, and in making said sale had any desire or purpose to advance or promote the interests of the real or pretended purchaser, he cannot recover. 5. If the plaintiff was employed by the defendant, and in making said sale concealed or failed to disclose to him any material fact which, as such employer, the defendant was entitled to know, he cannot recover. 6. In order to recover, the plaintiff must show that he was employed by the defendant, that in making said sale he acted in entire good faith towards the defendant, solely for his interest as such employer, and with that measure of fidelity and honesty which any principal has the right to demand of his agent. 7. Concealing the name of the real purchaser, and substituting therefor the name of a fictitious purchaser, was a failure to discharge that duty to the defendant which is essential to the plaintiff's right to recover. 8. In determining the question as to whether the plaintiff acted in good faith in procuring the conveyance to be made to a fictitious person rather than the real purchaser, it is of no importance whether the latter was injured or not.

The judge refused to give the first and seventh requests, and upon the remaining prayers ruled as follows:

" The defendant says that this man was not at work for him at all, and that is one of the serious questions in the case, whether or not this plaintiff was working for the defendant. And the burden is upon him to satisfy you, so far as that is concerned, that he did work for the defendant. Now, the defendant says the plaintiff was . . . in the interest of some other person, Delaney. The defendants contend that Delaney wanted to buy this place, and that he got this broker to go and see if he could buy it for him. If this man was working for Delaney he cannot recover of this defendant, because there is no evidence there was any special contract. A broker may be working for both parties, and if he is working for both parties, and those parties do not understand it, he cannot recover from either, because the broker is an agent of a party, and must act in good faith. If you are my agent, Mr. Foreman, to do anything, I am entitled to know everything that would be of interest to me. You have no right

to keep back and conceal anything that you know will be for my benefit in the transaction, because when a person works for another he is bound to work for the best interest of the person who employs him. You will look over the whole situation of the parties, the way they stood, and the actions of the parties, and see whether or not the probabilities are that he was working for Delaney. If the probabilities are that way, and the evidence taken all together satisfies you that he was working in the interest of Delaney, then he would not be entitled to a verdict. The fact that a man has had an advantageous contract is to be taken into account for whatever it is worth ; but that fact alone does not control. Because I am benefited by something that somebody has done, it does not follow that I am obliged to pay for it. Now, if it was the understanding of the parties that this plaintiff was to have no pay out of this defendant for his services, he is not entitled to anything, however good a thing it may have been for this defendant, because if that was the contract between the parties the defendant is entitled to the benefit of it. If you find that the bargain was that the plaintiff was to have his commission, and if you find that he was working for this defendant, and working in good faith, and not in the interest of anybody else, then he would be entitled to recover his commission, and the burden is upon him to show that. If you find that the plaintiff was working in the interest of any other party aside from this defendant, it does not make any difference whether the defendant was hurt or not, because, as I said in the first place, he must act in entire good faith toward the party he is working for. So, if he was working in the interest of any other party than the defendant, then he would not be entitled to recover."

The jury returned a verdict for the plaintiff against the defendant, Effie M. Carson, for the full amount of his claim, being two and one half per cent of the purchase price ; and she alleged exceptions. The remaining facts appear in the opinion.

*C. L. Gardner & C. G. Gardner*, for the defendant, Effie M. Carson.

*W. G. Bassett & E. J. Tierney*, for the plaintiff.

HAMMOND, J. This is an action of contract to recover a commission for selling real estate of the defendant, Effie M. Carson.

The case was tried before a jury against her alone.  At the trial the defence was that the plaintiff was not the agent of the seller, but the purchaser, and that even if he was the agent of the seller, he did not act in good faith towards her, but concealed from her the name of the real purchaser, and that such a concealment was of a material fact which it was the duty of the plaintiff, if he was acting as her agent, to communicate to her.

The court refused to rule that the plaintiff could not recover, and instructed the jury that, in order to recover, the plaintiff must show that he was employed by the defendant with the understanding that he should be paid for his services, and that in making the sale he acted in entire good faith towards her, and solely for her interest and not in the interest of any other person.   Under these instructions the jury found for the plaintiff.   The evidence although conflicting warranted the verdict, unless the defendant's seventh request for a ruling should have been given, namely that, " concealing the name of the real purchaser and substituting therefor the name of a fictitious purchaser was a failure to discharge that duty to the defendant which is essential to the plaintiff's right to recover."

It was not disputed at the trial that Delaney was the real purchaser ; that Williams, so far as he appears in the transaction, acted simply for him, and that this was known to the plaintiff at and before the time of the sale and not to the defendant.

The question is whether, under the circumstances disclosed in this case, the failure of the plaintiff to communicate this information to the defendant was, as matter of law, a breach of good faith so as to preclude a recovery by the plaintiff.

The general rule is well settled that a broker must act with entire good faith towards his principal, and he is bound to disclose to his principal all facts within his knowledge which are or may be material to the matter in which he is employed, or which might influence the principal in his action ; and if he has failed to come up to this standard of duty he cannot recover.   This rule has been frequently applied where the broker has concealed from the knowledge of his principal the fact that he was acting for both sides, as in *Farnsworth* v. *Hemmer*, 1 Allen, 494, and similar cases, or that he was personally interested directly or

indirectly in the transaction, as in *Smith* v. *Townsend*, 109 Mass. 500, and in *Porter* v. *Woodruff*, 9 Stew. 174; and the principle is applicable wherever the broker has an interest of any kind in the transaction antagonistic to that of his employer, or where he is so situated as to be subject to temptation to act adversely to his employer.   Story, Agency, § 210.   *Alvord* v. *Cook*, 174 Mass. 120.   In every such case good faith requires that the principal should be informed of the facts.

The true identity of the purchaser also may be sometimes a material fact which ought to be known to the principal, since such knowledge might affect his action ; and illustrations of this are to be found in the reported cases.

In *Young* v. *Hughes*, 5 Stew. 372, for instance, it appeared that one Moore, who became the real purchaser, was at the time of the negotiations a tenant of the land to be sold; that he had had some prior agreement with the owner by which he had either agreed to buy, or had taken the refusal of, the property, at the price of $20,000 ; that he was desirous of buying, but believed that the owner might be unwilling to treat with him on as favorable terms as with a stranger.   He therefore employed one Hughes to act for him ; and the broker, who knew Moore's motives and that Hughes was acting for him, introduced Hughes as an intending purchaser without disclosing to the owner, his principal, the fact that Hughes was acting for Moore.   The principal contracted to sell to Hughes for $13,000.   The court said that the failure to disclose Moore's connection with the purchase was a breach of duty on the part of the broker.

Again, in *Pratt* v. *Patterson*, 112 Penn. St. 475, Harding, the real purchaser of the land, was desirous also of purchasing some land adjoining, and fearing that if it was known that he was the purchaser of the land in question the owners of such adjoining land would advance the price, put forward one Nott, his clerk, as the purchaser.   Harding was responsible financially, while his clerk had no means.   The broker knew all this, but by an arrangement between him and Harding reported to his principal that Nott was the purchaser, and his name was put in the written contract of sale as such, and the name of the real purchaser was never communicated to the seller.   The land was sold for $140,000, of which only $30,000 was to be paid in cash,

and the remainder by the purchaser's bond secured by a mortgage upon the land.   The court held that this concealment by the broker precluded his recovery.

In each of these cases it is easy to see that the identity of the real purchaser proposed might have had a very marked influence upon the action of the principal.   In the first case it might have induced him to stand out for a higher price, and in the last for a better bond.

No doubt there are other situations in which, for financial or personal reasons, the identity of the purchaser may have a very material influence upon the seller, either to induce him to sell or to refrain from selling.   On the other hand it is easy to conceive of cases where the identity of the purchaser is of no consequence to the seller, and can have no influence upon his action and can in no sense be regarded as a material fact.

In the case at bar the jury have found that the plaintiff acted solely for the interest of the defendant, and in no way in his own interest or that of Delaney or Williams.   The sum obtained was that originally named by the defendant as the price she desired.   No note or other security was given for the purchase money or any part thereof, but the full sum was paid in cash.   The defendant therefore had no interest in the financial responsibility of the purchaser, and the identity of the purchaser, so far as that was concerned, was absolutely immaterial.   In this respect the case plainly differs from cases like *Pratt* v. *Patterson*, *ubi supra*.

It further appears that neither the defendant nor her husband had any remaining business property in the town.   It does not appear that she was interested in any other property whatever which might in any degree be affected by the occupancy or ownership of the property sold.   Nor does it appear that there had been any prior dealings between the defendant and Delaney about the property, nor even that she knew or cared to know either Delaney or Williams.   Nor does it appear that Delaney's desire to conceal his name was for the purpose of procuring the property at a lower rate, or that it had any connection whatever with the defendant's interests in the transaction, nor that the plaintiff supposed, or had any reason to suppose, that it had any such connection.   Nor was it a matter in which the plaintiff had

any interest whatever. And even now it is not suggested by the defendant in what way or for what purpose it was of any interest to her to know beforehand that Delaney and not Hughes was the real purchaser, or how the knowledge of such a fact was or could be useful or beneficial to her, or would or could have influenced her in her decision.

Under the circumstances we think it cannot be said as matter of law that the identity of the real purchaser was a material fact which should have been communicated to the defendant, and that in concealing it from her the plaintiff was guilty of such a breach of good faith as to preclude a recovery by him.

The first and seventh requests therefore were rightly refused. There appears no error in the manner in which the court dealt with the other requests. *Exceptions overruled.*