[No. 4737. Decided July 26, 1904.]

B. BERTELSON, *Respondent,* v. D. M. HOFFMAN, *Appellant.*[1]

BROKERS—ACTION TO RECOVER COMMISSION—DISCLOSING IDENTITY OF PURCHASER—COMPLAINT—SUFFICIENCY. A complaint in an action to recover a real estate broker's commission is not demurrable because of failure to allege that the agent disclosed to the defendant the identity of the purchaser, where it does not appear that he refused to do so, or that the defendant made demand therefor, or suffered any injury from the fact of concealment.

TRIAL—VERDICT—CONFLICTING EVIDENCE. The verdict of a jury will not be disturbed upon conflicting testimony, when supported by substantial evidence.

BROKERS—ACTION TO RECOVER COMMISSION—EVIDENCE—MATERIALITY OF OTHER DEALS. Where, in an action to recover commissions, plaintiff was asked on cross-examination what other property he had ever been asked to sell for defendant, besides that involved in the suit, an objection on the ground of immateriality was properly sustained.

SAME—VALUE OF LAND. Evidence that the actual value of property is $20,000, and its rental value $1,500, is not admissible as tending to show the improbability of an agreement to sell for $18,000, since the disparity is not sufficient to warrant this class of evidence.

SAME—CUSTOMARY COMMISSIONS—PLEADING AND PROOF—INSTRUCTIONS. It was proper to refuse to instruct that under the pleadings plaintiff could not recover unless the jury should find an express promise by defendant to pay the commission, where the allegations of the complaint are predicated upon both an express promise and an agreement to pay the usual and customary commission for like sales, and evidence was received in support thereof, it not appearing that defendant objected to the complaint on the ground that it alleged duplicate causes of action.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered December 5, 1902, upon the

[1]Reported in 77 Pac. 801.

verdict of a jury rendered in favor of the plaintiff. Affirmed.

*B. F. Heuston,* for appellant.

*J. W. A. Nichols (John C. Stallcup,* of counsel), for respondent.

PER CURIAM.—B. Bertelson, plaintiff, commenced an action in the superior court of Pierce county against D. M. Hoffman, defendant, to recover $500, alleged to have been earned by Bertelson as a broker's commission in procuring a purchaser for defendant Hoffman's real estate, situate in the city of Tacoma, known as the Board of Trade saloon. The complaint alleges, the listing of the property by the defendant with plaintiff for sale, upon terms fixed by Hoffman, being five thousand dollars in hand, or to be paid on consummation of sale, and the balance—thirteen thousand dollars—to be paid on or before five years from date of sale, with six per cent interest on such deferred payment; "that plaintiff did procure a purchaser for said property, at the said price and upon the said terms, fixed by defendant as aforesaid, who was ready, able, and willing to buy the same at the said price and terms, and who did accept from plaintiff his said offer of said property; that, on or about the 29th day of May, 1902, plaintiff notified defendant that the said property was sold according to defendant's directions, and upon the terms and at the price fixed by defendant as aforesaid, and the said sum of five thousand dollars was ready for payment." The complaint further alleges, that the defendant declined and refused to make said contract of sale, and still refuses so to do; that "plaintiff became entitled to receive his commission, at the usual and customary rate for like sales, and which defendant had agreed to pay plaintiff for procuring such purchaser, to wit; in the sum of five hundred dollars."

The answer was a general denial. There was a jury trial. A verdict was rendered in plaintiff's favor for $500, the amount claimed. The defendant made and filed his motion for a new trial, which was denied, and judgment was entered on the verdict. Defendant appeals.

(1) Appellant contends (quoting from the language used in the brief of his counsel) that "the complaint is defective in failing to allege that appellant knew or that knowledge of the identity of the proposed purchaser was communicated to him by respondent. Our contention in this respect is that it is not enough for a broker to find a purchaser ready and willing to buy, but that he must bring the parties together, that it may be fairly said that the principal has also found a buyer." This is undoubtedly the general rule, which has been frequently recognized and affirmed by text book writers and the decisions of the courts. *Carstens v. McReavy*, 1 Wash. 359, 25 Pac. 471; *Barnes v. German Sav. and Loan Soc.*, 21 Wash. 448, 58 Pac. 569; *Baars v. Hyland*, 65 Minn. 150, 67 N. W. 1148. The question to be decided is, how far this general rule applies to the facts presented in the action at bar. In *Veasey v. Carson*, 177 Mass. 117, 58 N. E. 177, 53 L. R. A. 241, the court decided that the concealment of the name of the actual purchaser of land, and the substitution of the name of a fictitious vendee, is not the concealment of such a material fact as will prevent the broker from recovering his commission, unless it appears that the owner was in some manner prejudiced by such concealment; that the court could not, in such case, declare, as a matter of law, that the broker had forfeited his right to recover his commission.

"Even if ordinarily a broker is required to furnish the name of the purchaser as a condition precedent to his right to claim commissions on the sale, as the defendants inter-

posed no objection on that ground and absolutely disavowed the sale, they waived the right to insist upon any such condition.  The rule no doubt is that when a broker, employed to effect a sale, has found a purchaser willing to take upon the terms named and of sufficient responsibility, he has performed his contract and is entitled to the commissions agreed upon, and the rule claimed, that the minds of the parties did not meet, has no application." *Duclos v. Cunningham,* 102 N. Y. 678, 6 N. E. 790.

In the above complaint, it nowhere appears that the appellant ever demanded of respondent that he furnish the name of the would-be purchaser, or that respondent ever refused to disclose the name of such purchaser, or that appellant suffered any injury from the fact of such concealment.  Testing the complaint by the propositions of law enunciated in the two cases last cited, we are of the opinion that the complaint states a cause of action, and that our position in this respect is not inconsistent with the other authorities cited, and the general principles of law applicable to real estate brokers.

(2)  It is next urged that the evidence was insufficient to sustain the verdict of the jury.  The record shows that, regarding the material issues in this controversy, the testimony was squarely in conflict.  It was the peculiar province of the jury to determine these issues arising on such conflict.  The learned counsel for appellant does not dispute this proposition of law, but argues that the uncontradicted testimony fails to sustain such verdict.  We think that the contentions of the counsel in this respect are untenable.  The principal argument of appellant under this head has been answered in the preceding paragraph of this opinion, wherein we considered the attack upon the complaint on the ground that it failed to state facts sufficient to constitute a cause of action.  The other points made by appellant on this branch of the case relate chiefly to the good

faith of the respondent in the transaction, and the credibility that should be attached to the testimony adduced in his behalf at the trial. These are questions of fact, which were settled by the verdict. This record shows that there was substantial evidence tending to support the material averments of the complaint.

(3) It is further assigned and argued that the lower court committed reversible error in ruling out certain testimony offered by appellant at the trial. The respondent testified regarding the listing of the property with him for sale, and the refusal of appellant to sell on the terms fixed. The latter's counsel, after having asked respondent some preliminary questions on his cross-examination, proceeded as follows:

"Q. Did you ever do any other business for Mr. Hoffman in the real estate line? A. No, sir. Q. Did he ask you to sell any other property? A. Yes, sir. Q. What other property? Objected to as immaterial. The court: What is the object of this? Mr. Heuston: The object is to show the status of the parties with reference to one another, and to show that they have a bearing as to whether or not Mr. Hoffman entered into this contract. The court: 1 think you can do that, so far as this contract is concerned, with reference to this property. Mr. Heuston: We want to show that this plaintiff was the agent of the other party, instead of the agent of Mr. Hoffman. The court: . That is a matter of defense, and does not belong to this cross-examination. Objection sustained. Exception noted."

It is to be borne in mind that this cross-examination did not relate to any matter brought out on the direct examination. We fail to discover how this offer could have any bearing on the contract upon which suit was brought, or that such offer was, at that stage of the proceedings, pertinent to any matter connected with the subject of the action. We therefore conclude that the trial court committed no error in excluding such testimony.

The contention of appellant that the court below erred in not permitting him to introduce testimony with regard to the value and rentals of this property cannot be successfully maintained. Such offer tended to show that the actual value of this property was $20,000, and the annual rental thereof $1,500, at the time respondent claimed that it was placed in his hands to sell. Therefore, according to appellant's theory, this evidence, if admitted, would tend to show the improbability of appellant having entered into this agreement, fixing a definite compensation to be paid respondent, as alleged in the complaint, on the basis of the valuation contended for by respondent. In the case of *Wheeler v. Buck & Co.*, 23 Wash. 688, 63 Pac. 566, this court held that, "In an action on a contract for work, when the testimony is conflicting as to the price agreed upon for the work, it is competent to show the value of such work at the time the contract was made, as tending to show what the agreed price was." In support of this proposition, the case of *Allison v. Horning*, 22 Ohio St. 138, is cited in the opinion, "in which the plaintiff claimed that the agreed price for the work was $1.50 a perch, and the defendant claimed that the contract price was $1.35 a perch, the plaintiff was permitted to prove what it was worth to do the work embraced in the contract." The ruling in this Ohio case seems to have been based upon *Kidder v. Smith*, 34 Vt. 294, in which the court decided that, "When the testimony is conflicting as to the price agreed upon in the sale of personal property, it is competent to show the value of the property at the time of sale, as tending to show what the real contract was." The judge, delivering the opinion of the court in this case, uses the following language:

"Where the disparity between the value of the property, and what is claimed to have been the contract price, is

small, and within the fair range of what different persons might esteem to be a fair value, such evidence would be very slight, perhaps too slight to be admissible, but when the difference is very great, and beyond the range of fair difference in judgment, it might be entitled to much weight, and the wider the difference, proportionably stronger would be the evidence furnished by it."

The significance of this language is very apparent when applied to the appellant's position regarding this assignment of error. The difference between the contentions of the respective parties to this litigation as to the valuation of this property was not sufficient to justify the trial judge in admitting this class of testimony, which we think was properly excluded.

(4)  Appellant urges that the trial court erred in refusing to give the following instruction to the jury: "Under the pleadings in this case, plaintiff cannot recover unless you find an express promise by defendant to pay the commission." The allegations of the complaint are predicated upon both an express promise, and an agreement to pay the usual and customary commission for like sales as above noted. The record fails to show that the appellant ever moved against the complaint on the ground that respondent alleged therein duplicate causes of action, or in any other manner. Moreover, it has been held in actions of this kind, that it is not error to admit evidence as to the reasonable value of services performed under allegations of an express promise. *Sussdorff v. Schmidt*, 55 N. Y. 320; *Buckingham v. Harris*, 10 Colo. 455, 15 Pac. 817. Evidence having been introduced and received on behalf of respondent in support of those allegations, no error was committed in the refusal of the court below to grant appellant's request restricting the jury's consideration to the alleged express promise to pay respondent for services rendered.

No reversible error appearing in the record, the judgment of the superior court must be affirmed.