# COURT OF COMMON PLEAS BALTIMORE CITY.

Filed January 10, 1912.

LEE E. HARTMAN & CO.
VS.
FLORENCE K. HECHT, ET AL.

*R. Lee Slingluff* and *Edwin Goldman* for appellants.

*Randolph Barton, Jr.,* and *Benjamin Rosenheim* for appellees.

BOND, J.—

In this suit it appeared that the plaintiff, a broker, at the request of the owners of a piece of real property, the defendants, solicited purchasers and secured an offer of $12,000 from Mr. Bernard J. Weisenfeld. The broker reported this offer to the owners, but at the request of Mr. Weisenfeld withheld the name of the prospective purchaser.

The offer was then refused by the owners, there being some testimony that it was considered too low, especially if commissions were to be deducted; and the possibility of having the offer increased was discussed, and taken up by the plaintiff, it being the purpose and intention of the plaintiff, as was reported to the owners, that the customer should call to examine the property before the negotiation should be concluded.

Subsequently Mr. Weisenfeld and the owners came together directly,

and sale was effected at $11,000 by direct negotiations. There was some dispute whether this was a result of the negotiations through the broker, or was a new, independent transaction; but the jury, acting within their province, disposed of that point against the defendants.

There was no dispute of the fact that the defendants did not know Mr. Weisenfeld was the broker's customer at $12,000, and no dispute that the broker had withheld knowledge of the customer's identity, as said above. The plaintiff did not contend that it was given an exclusive agency for the sale; and there was testimony for the defendants that they were themselves always trying to procure a sale, and had solicited offers from other brokers.

By granting the plaintiff's fifth prayer the court instructed the jury that whatever the facts might be, no duty devolved upon the broker to disclose to the owners the name of its customer at $12,000, and that the broker might recover "if it, the plaintiff, was the procuring cause of the sale which was made," * * * "provided that the defendant had not paid, nor was liable for commissions to any other broker."

This ruling was based upon the decision in Slagle vs. Russell, 114 Md.. 418, 430, &c. But upon further argument and consideration of the point. I am persuaded that the rule of law announced there is not so broad and so little qualified as stated in the instruction, and that, in this respect, it gave the jury an erroneous guide for arriving at their verdict.

The Court of Appeals clearly recognizes, in its opinion, that there is no rule universally applicable to transactions between brokers and owners, to the effect that the brokers may, in any case, safely withhold from the owner the name of the broker's customer, and always recover commissions, even when the sale is consummated directly by the owner, without knowledge of the broker's connection with the particular customer.

If, says the court, there are more than one broker to whom the owner might credit the purchase, and to whom he might innocently pay commissions, the actual procuring broker should, in order to secure his commissions, disclose his connection with the purchaser in time to avoid the possibility of the owner's innocently paying another broker.

I do not think that the court meant that this should be regarded as the only condition of affairs which would require the broker to disclose his customer's identity in order to secure his, the broker's commissions. I take it that the court held, as a general rule, that the broker might or might not be required to disclose the customer's identity, according as ignorance of that identity in each particular transaction might or might not naturally and reasonably bring some unfair disadvantage or detriment to the principal.

And the possibility of detriment by being misled into paying the wrong broker I take to be cited by the court as one illustration, or possible application of the rule, especially apposite to the facts of that case. The rights and interests of the broker are considered and conserved in each case of this sort; but so are those of the principal.

In the case at bar the jury might have found that the owners were reasonably misled by ignorance of the customer's identity, into selling to him at a price of $1,000 below the price he was willing to pay, and into fixing this price in view of the expectation of having no broker's commissions to pay.

It might have been inferred from the evidence that the broker knew, or should have known, that the owners were themselves trying to promote sales directly, and so might naturally pick up the broker's customer in the belief that it was an entirely original transaction. I see no difference between the legal effect of an innocent failure to cover broker's commissions in the price of a sale which the owners reasonably believed to have been procured by themselves, and the legal effect of a payment of commissions to the wrong broker, where commissions are covered in the price, in the innocent belief that the broker procured the sale.

Both situations present the possibility of detriment to the owners, reasonably and naturally sustained, as a

result of the broker's failure to take the precaution of disclosing his customer's identity. The Court of Appeals decides that the latter situation would require the precaution of disclosure by the broker to secure his commissions.

I have concluded that the former situation would require the same precautionary disclosure if the jury should find the owners to have suffered the detriment above described.

This, I think, is the result of the decision in the case of Slagle vs. Russell, and also of decisions of other courts, in the reasoning and conclusions of which the Maryland Court of Appeals apparently concurs.

Slagle vs. Russell, 114 Md., 418, 430, &c.

Gilbert vs. McCullough, 125 N. W., 173 (Iowa).

Rounds vs. Alee, 116 Iowa, 345.

Bertelson vs. Hoffman, 77 Pac. Rep., 801 (Wash.).

McCleary vs. Willis, 77 Pac., Rep., 1173 (Wash.).

Veasey vs. Carson, 177 Mass., 117, 120-121.

Jungblut vs. Gindra, 134 App. Div., 291, 293.

Lord vs. U. S. Trans. Co., 134 App. Div., 437, 456.

I have accordingly granted the motion for a new trial.