HARRY SUGARMAN, Respondent, v. HARRY FREEMAN, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1921, Term — Filed January, 1922.)

**Brokers — real estate broker must disclose purchaser — commissions.**

A broker to sell real estate who refuses to reveal to his employer the identity of the proposed purchaser is not entitled to recover commissions.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, in favor of plaintiff.

Isidore Faitt, for appellant.

John T. Fenlon, for respondent.

GUY, J. Defendant appeals from a judgment in favor of plaintiff in an action brought to recover broker's commissions for producing a purchaser ready, able and willing to buy defendant's property on defendant's terms. The employment is admitted, and the evidence shows that plaintiff obtained, but did not produce, a customer ready, able and willing to buy on defendant's terms. After repeated negotiations resulting in a modification of the terms satisfactory to defendant, the defendant demanded that the broker inform him who the proposed purchaser was. Plaintiff refused to divulge the name of his proposed purchaser.

Plaintiff testified that he offered to bring the proposed purchaser to defendant's office; defendant testified that plaintiff made an appointment to do so but

did not keep his appointment, and that he received no further communication from plaintiff.

The duty of a broker is not merely the finding of a purchaser who is actually ready, able and willing to purchase on his customer's terms, but to produce him, to bring him into communication with his employer, so that the employer may enter into a contract of sale with the proposed purchaser, and may have an opportunity to determine, particularly where part of the purchase price is to remain on bond and mortgage, whether the proposed purchaser would be financially able to perform his contract, which would include payment of the mortgage when due. The refusal to reveal the identity of the proposed purchaser constituted a failure by plaintiff to perform his contract with his employer. "The general rule is well settled that a broker must act with entire good faith towards his principal, and he is bound to disclose to his principal all facts within his knowledge which are or may be material to the matter in which he is employed, or which might influence the principal in his action; and if he has failed to come up to this standard of duty he cannot recover." *Howard* v. *McCredie,* 198 App. Div. 49; citing *Veasey* v. *Carson,* 177 Mass. 117.

The judgment must be reversed, with thirty dollars costs, and judgment directed in favor of the defendant, with costs in the court below.

Gavegan and Mullan, JJ., concur.

Judgment reversed.