[No. 19623. Department One. April 1, 1926.]

F. X. BOEDING, *Respondent,* v. L. E. KIRKPATRICK *et al.,*
*Appellants.*[1]

[1] BROKERS (16)—COMPENSATION—PROCURING CAUSE OF CONTRACT.
A broker is entitled to his commissions, made on the sale of corporate stock to a customer with whom he was negotiating, even though the principal did not know that he was selling to one of the broker's customers; at least, where it does not appear that the principal made different terms through such want of knowledge.

Appeal from a judgment of the superior court for King county, Hawkins, J., entered April 24, 1925, upon findings in favor of the plaintiff, in an action for a broker's commissions, tried to the court. Affirmed.

*Peters & Powell,* for appellants.

*E. P. Whiting,* for respondent.

FULLERTON, J.—This is an action brought by the respondent, Boeding, against the appellants Kirkpatrick, to recover the sum of $800, claimed to be due as a commission for the sale of certain shares of corporate stock. The cause was tried by the court below sitting without a jury, and resulted in a judgment for the amount claimed, with interest.

The facts necessary to an understanding of the controversy are, in substance, these: The appellants, with one Parkin, were the owners of the capital stock

[1]Reported in 244 Pac. 547.

of the Elk Coal Company, a corporation which owned and operated a coal mine. The appellants purchased the stock of Parkin, paying therefor $15,000. Of this sum $10,000 was paid from the assets of the corporation. The appellants were desirous of re-selling the stock, partly for the purpose of replacing the money withdrawn from the corporation's assets, and partly to procure additional working capital. The respondent was an employee of the corporation as a sales agent, working on a salary. The appellants solicited him to make sales of the stock at its par value of $100 per share, agreeing to pay him a commission of five per cent on such shares as he should sell. The respondent made an effort to sell stock to a number of persons, among whom was one Hocking. The respondent, from time to time, reported to L. E. Kirkpatrick, the president of the corporation, the efforts he was making to sell stock, naming to him the persons with whom he was negotiating, omitting, however, to name Hocking. One Riley was the bookkeeper and office manager of the corporation, and, at the time the respondent was still negotiating with Hocking, told L. E. Kirkpatrick that he thought Hocking would purchase the block of stock that had been formerly owned by Parkin, and advised him to see Hocking. Kirkpatrick called on Hocking, and, after some negotiating, sold him the stock, 236 shares, for $16,000. It is on this sale that the respondent claims a commission.

Riley was not a witness at the trial, and the record is not clear whether he then knew that the respondent was still negotiating with Hocking for a sale of stock, although it does appear that he had knowledge of his prior negotiations. Riley did not inform Kirkpatrick of the knowledge that he did have, and Kirkpatrick sold the stock to Hocking in ignorance of the fact that

the respondent was then trying, or had theretofore tried, to sell stock to him. The appellant L. E. Kirkpatrick had active charge of all of the negotiations leading up to the sale of the stock, and such knowledge as his co-appellants have of the transaction is through him as their representative.

[1] The legal question urged in this court is a narrow one. The appellants do not claim that they would not be liable to their agent for the agreed commission, had they known at the time they sold the stock to Hocking that Hocking was a person with whom the agent was then attempting to negotiate a sale, but contend that, because they did not know of this fact, a different rule obtains. The question is one to which the courts of other jurisdictions have returned different answers. See *Quist v. Goodfellow,* 99 Minn. 509, 110 N. W. 65, 9 A. & E. Annot. Cas. 431, 8 L. R. A. (N. S.) 153, and *Smith v. Preiss,* 117 Minn. 392, 136 N. W. 7, Ann. Cas. 1913D 820, and notes.)

This court has not heretofore had the question directly before it, but in so far as we have noticed it, we have indicated an alignment with the cases holding that the fact of want of knowledge on the part of the principal will not of itself bar a recovery by the agent. *Bertelson v. Hoffman,* 35 Wash. 459, 77 Pac. 801; *McCleary v. Willis,* 35 Wash. 676, 77 Pac. 1073. The cases cited, however, intimate that the presence of other elements might require the application of a different rule —that, if the want of knowledge on the part of the principal that he was selling to the agent's customer led him into a bargain that he otherwise would not have made, there can be no recovery on the part of the agent of a commission.

There would seem to be some reason for the distinction. A broker who is employed to find a purchaser for

property is entitled to his commission, not only when he finds a purchaser ready, able and willing to take the property on the terms stated to him by the owner, but also where he is the procuring cause of the sale when the property is actually sold, whether on the stated terms or on different terms. If, therefore, a broker, having property listed with him for sale, should go to a prospective purchaser and make known to him that the property was for sale, and the customer, refusing to deal with the broker, should go to the owner and purchase the property, it would be difficult to say that the broker was not the procuring cause of the sale; and difficult, if the property was sold on the terms given the broker, to give any very satisfactory reason why the broker should not have his commission, even though the owner was ignorant of the fact that he sold to the broker's customer. On the other hand, it is not difficult to see that ignorance on the part of the owner could operate seriously to his detriment. He might make the sale at a price, or on terms, that he would not have considered had he known that he was liable to the broker for a commission.

But this latter condition, even if it is a material circumstance, is not present in the instant case. It was not shown that the sellers would not have made the sale, had they known they were dealing with the agent's customer; but, on the contrary, there is much in the record that points to a directly contrary conclusion.

In our opinion, the trial court did not err in its conclusion. The judgment entered will stand affirmed.

TOLMAN, C. J., MAIN, and PARKER, JJ., concur.