FRANKLIN L. PUTNAM and others *vs.* DAVID L. How.

November 12, 1888.

Real-Estate Agent—Commission.—Evidence *held* insufficient to justify a recovery of an agent's commissions for selling real estate.

| 39 | 363 |
| 41 | 636 |
| 39 | 363 |
| 65 | 151 |
| 39 | 363 |
| f83 | 439 |
| 39 | 363 |
| 84 | 524 |

Appeal by defendant from an order of the district court for Hennepin county, *Searle*, J., presiding, (before whom, acting for a judge of the 4th district, the action was tried,) refusing a new trial after verdict for plaintiffs.

*Peck & Brown*, for appellant.

*Albert F. Foster*, for respondents.

GILFILLAN, C. J. This is an action to recover commissions for selling or procuring a purchaser for real estate. The defendant employed plaintiffs, who were real-estate agents, doing business at Minneapolis, to sell a farm consisting of 520 acres, belonging to him, the price for it being $6,300. The exclusive right to sell was not given to them, and therefore defendant himself might sell without being liable to them, unless he sold to a purchaser procured by plaintiffs. To be entitled to their commission (which appears to have been agreed on at 5 per cent. of the price) it was necessary that plaintiff should make a sale of the farm, or at least procure and bring to defendant a purchaser

ready and willing to buy on the terms offered. As the evidence in-
dicates, they would be entitled to the commission if they procured a
purchaser, although the defendant, and not they, closed the transac-
tion by finally agreeing on the sale. There was a sale of the farm
made, but it was made by defendant. Plaintiffs, however, claim that
it was made to a purchaser procured by them; that their exertions
brought about the sale. On that, which is really the only point in
the case, we think the evidence is not sufficient to justify the finding
in favor of the plaintiffs. The facts, as shown by the evidence on
the part of the plaintiffs, are that, induced by an advertisement in-
serted in the newspapers by the plaintiffs, upon the direction and
at the cost of defendant, a person named Verrill called on plaintiffs,
and they gave him a letter of introduction to the defendant, and in-
duced him to go and see him. Prior to seeing defendant, Verrill had
not, so far as the evidence shows, proposed to buy on the terms of-
fered by defendant. He had only offered to buy if he could trade a
lot that he owned for the farm. With the letter from plaintiffs he
called on defendant, and offered to take the farm at the price offered,
and transfer a lot owned by him, at the price of $5,000, in part-pay-
ment. Defendant declined the offer, as he did not want the lot, and
Verrill did not feel inclined to buy at the price asked, unless he could
turn in the lot in part-payment. The parties then separated, both
apparently considering the negotiations at an end. Verrill returned
to Minneapolis, and reported to plaintiffs the failure of his attempt
to trade with defendant. After this the plaintiffs had no further con-
versations or negotiations with Verrill in regard to the purchase of
the farm; and it does not appear that at any time they tried to sell
the farm to him, or to induce him to purchase it, on the terms fixed
by defendant. All that appears is that they entertained the offer of
Verrill to trade the lot for it, and induced him to see defendant upor
it. Some weeks after Verrill's interview with defendant, in which he
offered to trade the lot for the farm, he went to see him again, and
bought the farm for one of his children at the price of $5,500. Had
Verrill bought the farm at his first meeting with defendant, either on
the terms first asked by defendant or upon an agreed departure from
those terms, as by his paying for it in part with the lot, the connec-

tion between the acts of the plaintiffs and the purchase would have been apparent, and they might claim to have procured a purchaser. But it appears from the evidence that the effect of their effort to procure a purchaser terminated with the refusal of defendant to take the lot in part-payment, and of Verrill to buy unless he could pay in that way, and as though the purchase was in fact upon considerations that grew up after and were independent of the negotiations which began with plaintiffs. The case does not differ materially from *Armstrong* v. *Wann*, 29 Minn. 126, (12 N. W. Rep. 345.)

Order reversed.