GEORGE A. DOLE, Administrator, *vs.* W. C. SHERWOOD.

November 1, 1889.

Real Estate Agency — Sale by Owner — Commission.—In case of an agency to sell real estate on commission, the exclusive right to sell not being given, the owner himself has still the right to make a sale independent of the agent, and in such case will not be liable to the agent for commissions unless he sells to a purchaser procured by the agent.

Same—Exclusive Agency.—An *exclusive agency* to sell merely prohibits the appointment of another agency for the sale of the property, but does not prevent the owner himself from making a sale.

Plaintiff's intestate, Alexander M. Dole, brought this action in the district court for Hennepin county, to recover $500 received for him

by defendant as his agent. The defendant answered, admitting the averments of the complaint, and alleging as a counterclaim the matters stated in the opinion. The place of trial was changed to St. Louis county, where the action was tried by *Stearns*, J., and judgment was ordered and entered for defendant for costs and disbursements, and the plaintiff appealed.

*Woods, Hahn & Kingman*, for appellant.

*Ensign, Cash & Williams*, for respondent.

MITCHELL, J. The only question presented by this appeal is whether the findings of fact support the conclusions of law. The facts are that, on March 14, 1887, plaintiff gave to defendant "*the exclusive agency*, for thirty days from and after that date, for the sale" of certain real estate on specified terms, and agreed to pay defendant, in case he made a sale, a commission of $640; that defendant accepted the agency, and commenced the expenditure of time and labor in efforts to find a purchaser; that on March 16th plaintiff informed defendant that he himself had sold the land, and requested him to take it off his list, which defendant did, and ceased his efforts to find a purchaser; that plaintiff had not in fact made a sale of the property, but had made a verbal agreement of sale, on which the proposed purchaser had paid some earnest-money, but the purchase was never completed.

It is settled, at least in this state, that where an agency to sell real estate on commission is given, the exclusive right to sell not being given, the owner himself has still the right to make a sale independent of the agent, and in such case will not be liable to the agent for commissions unless he sells to a purchaser procured by the agent. *Armstrong* v. *Wann*, 29 Minn. 126, (12 N. W. Rep. 345;) *Putnam* v. *How*, 39 Minn. 363, (40 N. W. Rep. 258.) This right on the part of the owner is an implied condition of the agency, subject to which the agent accepts it, and, as his commission is payable only in case of his success in finding a purchaser, the agent takes his chances of the owner himself making a sale. Such a case differs from the present only in the fact that the agency in the latter is exclusive. The court below seems to have treated this as giving the exclusive right to sell. In this we think the learned judge erred. It merely pro-

hibited the placing of the property for sale in the hands of any other agent, but not the sale of the property by the owner himself. *Golden Gate Packing Co.* v. *Farmers' Union*, 55 Cal. 606. This view is entirely consistent with *Fairchild* v. *Rogers*, 32 Minn. 269, (20 N. W. Rep. 191,) for in that case the agent was given the exclusive right to sell, and that, too, for a valuable consideration paid by him to the owner of the property. We have treated the case precisely as if the verbal contract of sale made by the plaintiff had been a binding one, and had been carried out, for that is the view most favorable to the defendant in view of the findings of the court. Judgment reversed, and cause remanded, with directions to the court below to enter judgment in favor of the plaintiff for the amount claimed in the complaint.