## WALLACE ROSSON v. JOHN MILLER ET AL.

### Decided March 17, 1897.

**1. Boundary—Burden of Proof.**

In an action of trespass to try title, the question being in effect one of boundary, the burden of proof was upon plaintiff to show not merely that defendant had enclosed more land than he was entitled to, but facts sufficient to enable the court to ascertain and define the line which would restore to plaintiff the excess; see evidence held insufficient to meet this requirement.

**2. Trial by Court—Absence of Conclusions.**

Where there are no conclusions of fact and of law in a case tried by the court, its judgment will be sustained if suppported by evidence on either of several issues presented.

APPEAL from the District Court of McLennan County. Tried below before Hon. SAM R. SCOTT.

*Eugene Williams*, for appellant.

*W. S. Baker* and *Chas. B. Pearre*, for appellees.

KEY, ASSOCIATE JUSTICE.— *Opinion.*—Appellant brought this suit in form of trespass to try title, to which the defendants pleaded a general demurrer and not guilty, and in addition thereto the defendant G. W. Richardson pleaded the three, five and ten years statutes of limitation and improvements in good faith.

On the trial the case resolved itself mainly into a question of bound-

ary—there being some testimony, however, bearing upon the issue of limitation.

The court rendered judgment for the defendants, and the plaintiff has appealed.

The correctness of the judgment as to all the defendants except Richardson is not questioned.

Under the first assignment of error appellant submits the proposition that the undisputed testimony shows that Richardson was in possession of more land than he was entitled to hold, as shown by the agreement of the parties.

The agreement referred to stipulates that Richardson owned three hundred and ninety-five acres of land off the south end of the Blake survey and the heirs of Miller owned three hundred and fifty acres off the south end of said survey and Wallace Rosson, the plaintiff, owned the land situated between these two tracts.   However, it was further stipulated in said agreement, in effect, that Richardson should have the right to show by testimony, if he could, that the Richardson and Miller tracts were contiguous, leaving no undisposed of land between them, and also to establish his defense of limitation.

According to the testimony of a surveyor who testified in behalf of the plaintiff, the north line of Richardson's land was south of the north line of his fence at the time the witness surveyed the land; but the testimony shows that he had moved said line of fence back a short time before the suit was brought, and it is not clear that the witness intended to say that the north line of Richardson's land was south of his fence at the time of the trial.   But, however this may be, according to the testimony and opinion of another surveyor, who testified in behalf of the defendants, the north line of Richardson's land would be about two hundred and twenty varas north of where the other surveyor claimed it to be.

Neither of these witnesses stated any fact that necessarily controlled the true location of the line.   The burden was upon the plaintiff to show its true location, and we are not prepared to say that the court erred in not fixing the line in accordance with the testimony of the surveyor who testified for the plaintiff.

It is contended, however, that the testimony given by the defendant Richardson himself shows that the plaintiff was entitled to recover at least three and one-fourth acres of land.

Richardson testified that after he moved his fence back he measured his land with a rope, and according to said measurement it appeared that he had about three and one-fourth acres enclosed in excess of the three hundred and ninety-five acres to which he was entitled.   But for aught that appears in this or any other witness' testimony this excess may have been caused by Richardson's fences being over his line on the south, east or west, as well as on the north.

Besides, in order to enable the court to render a judgment fixing the line in dispute and settling the question of boundary, it devolved upon

the plaintiff, not merely to show in general terms that the defendant had enclosed more land than he was entitled to, but to furnish testimony by which the court could ascertain and define exactly where the line should be run that would restore to the plaintiff the excess so held by the defendant—and such testimony was not furnished. Jones v. Andrews, 72 Texas, 5; Reed v. Cavett, 1 Texas Civ. App., 154.

The only other question presented in appellant's brief relates to the matter of limitation. But as the court below filed no conclusions of fact and law, and as its judgment can be sustained on the question of boundary, it is not necessary for this court to decide the question of limitation.

The judgment is affirmed.　　　　　　　　　　　*Affirmed.*