J. M. INGOLD v. B. J. SYMONDS and ETTA J. SYMONDS, Appellants.

**Agency to sell land:** SALE BY PRINCIPAL: COMMISSIONS. A contract giving an agent exclusive authority to find a purchaser for property within a specified time, but failing to negative the right of the owner to sell, is not violated by a sale made by the owner

within the time, and in the event of such a sale the agent is not entitled to his commission.

*Appeal from Cedar Rapids Superior Court.*— HON. J. H. ROTHROCK, Judge.

WEDNESDAY, MAY 11, 1904.

ACTION at law to recover damages for breach of a contract, whereby it is alleged defendants constituted plaintiff their sole agent to procure a purchaser for a tract of land owned by them. The case was tried to a jury, resulting in a verdict and judgment for plaintiff in the amount of the commission he would have earned had he found a purchaser under the contract. Defendants appeal.— *Reversed.*

*Redmond & Stewart,* for appellants.

*Heins & Heins,* for appellee.

DEEMER, C. J.— Defendants, or one of them, at one time owned a tract of land in Linn county, Iowa. They applied to the plaintiff, who was a real estate and loan agent, to secure them a loan upon the premises. This he did in the sum of $2,800, and it was agreed that he should have 1 per cent. commission, or $28, for his time and trouble in negotiating the loan. Defendants having intimated that they would sell the land, plaintiff proposed that, if they would give him " the sale of the farm," he would forego his right to compensation for negotiating the loan. This proposition was accepted by the defendants, and the matter was closed up by the execution of the following written proposition, which was signed by defendant B. J. Symonds, and delivered to the plaintiff. After describing the land and fixing the purchase price at $6,500, or $81.25 per acre, the instrument reads: " J. M. Ingold is exclusively authorized to procure a purchaser for the above described property for twelve months from date, and thereafter until noti-

fied by me in writing to the contrary. And in case a sale or exchange is negotiated at the price above named, I will pay $150.00 commission to said Ingold, out of which amount the said Ingold is to pay fifty dollars of said amount to James C. Graham, tenant. In case of sale at $6,400 only, $50 to be paid and same to be divided equally between Graham and Ingold." Pursuant to the authority thus conferred upon him, plaintiff advertised the land, and attempted to find a purchaser; but before he had found any one ready and willing to take the land defendants advertised the land for sale at public auction, and sold it at such sale to one Stark for $73 per acre.

Plaintiff claims in his petition that he was constituted an exclusive agent to find a purchaser, and that defendants violated this contract, and became liable to him in damages by reason of the fact that they sold the land without plaintiff's consent.

The trial court instructed the jury as follows:

" Instruction 1. By the terms of the written contract executed by the defendant B. J. Symonds, and delivered by him to the plaintiff, the plaintiff was exclusively authorized for a period of one year to find a purchaser for the premises described in the contract, and, in case a sale of the premises was negotiated at the price of $6,500 within one year, then the defendant, B. J. Symonds, would pay $150 commission to the plaintiff, and, if a sale was negotiated at the price of $6,400, then the defendant B. J. Symonds would pay $50 commission to the plaintiff.

2. It is shown by the uncontradicted evidence that within the one year for which the plaintiff was granted the exclusive right to procure a purchaser for the premises described in the contract the defendant B. J. Symonds sold the premises, or caused the same to be sold. Such sale constituted a breach by the defendant B. J. Symonds of said contract, and your verdict should be for the plaintiff in the sum of one hundred and fifty dollars, unless you find that the plaintiff waived his rights under the contract, as hereinafter explained to you."

But one question need be considered on this appeal, and that the correctness of these instructions as applied to the issues and the conceded facts. There is no doubt that plaintiff was given exclusive authority to find a purchaser for the property during the time and upon the terms named in the agreement. He had not found such purchaser when the defendants sold the land, but he claims that their sale constituted a breach of their agreement, and that he is entitled to the full amount of the commission he would have earned had he found a purchaser at the highest price fixed. It will be observed that plaintiff was not given the exclusive sale of the property, but did have exclusive authority to find a purchaser. Does such a contract prevent a sale by the owner himself, or, in other words, will a sale by the owner constitute a breach of the contract of agency? The right of an owner to sell his own property is an implied condition of every contract of agency, and, unless expressly negatived, will prevail. The commission is payable only in case of the agent's finding a purchaser, and the agent takes his chances on the owner himself making a sale. The only effect of such a contract as the one now before us is to forbid the owner from placing the property in the hands of any other agent. Under such a contract as this the owner has the right to sell the property himself without in any way violating his obligation to his agent. This view is sustained by the unbroken voice of authority. *Dole v. Sherwood,* 41 Minn. 535 (43 N. W. Rep. 569, 5 L. R. A. 720, 16 Am. St. Rep. 731); *Golden Gate Co. v. Farmers' Union Co.,* 55 Cal. 606. None of the cases relied upon by appellee on this proposition are in point. In each and all of them the agent was given exclusive authority to sell. The instructions given by the trial court were not in accord with these rules, and cannot, therefore, be sustained.

The judgment is *reversed.*