MARY MOTT v. SAMUEL T. FERGUSON.[1]

May 20, 1904.

Nos. 13,814—(77).

**Broker Negotiating Loans.**

Where a broker is authorized to secure a loan for the owner of real estate, as exclusive agent, for the purpose of taking up a mortgage, the owner impliedly reserves the right to obtain the loan himself, and, if he concludes his arrangements before a person ready, willing, and able to take the loan is furnished, the broker is not entitled to commissions.

**Broker and Borrower.**

Whether the loan is secured by the owner from a third party, or by a renewal through agreement with the person holding the note and mortgage, is immaterial, so far as concerns the broker's rights to commissions under the implied obligations of the latter's agency.

**Statute of Frauds.**

The right to commission in this case being subject to the right of the owner of the property to secure the same himself, the latter having made an oral agreement for the renewal in good faith, which was not enforceable, the statute of frauds cannot be invoked for the protection of the broker to secure commissions.

Appeal by plaintiff from an order of the district court for Hennepin county, Simpson, J., denying a motion for a new trial. Affirmed.

*John Lind & A. Ueland,* for appellant.

*Harlan P. Roberts* and *George W. Strong,* for respondent.

LOVELY, J.

This action is to recover a broker's commission for services in negotiating a loan on real estate, under an employment for that purpose at the request of the owner of the property. The court directed a verdict for defendant. There was a motion for a new trial, which was denied. Plaintiff appeals.

The facts are not in dispute, and may be briefly stated. Defendant was the owner of a mill and foundry property in Minneapolis on which

[1] Reported in 99 N. W. 804.

there was a mortgage, to a party named Menzel, for $40,000, about to become due. The owner desired to secure a new loan to take up the mortgage, and authorized plaintiff to procure the same, for which she was to have a percentage commission. Her efforts continued for several months during the latter half of the year of 1901, but without avail, when defendant found that he would be able to raise $10,000, and, by a new arrangement between the parties, plaintiff was to endeavor to furnish a lender for $30,000, the defendant intending to pay the balance of the mortgage debt in cash. In furtherance of this purpose defendant made an application for the loan, in writing, on January 6, 1902, in which it was stated that the money was to be used. for "paying off the present mortgage," and placed the same in the hands of plaintiff, who was to have the exclusive right as broker to secure the loan, and was to receive a percentage commission if she succeeded. It appears that plaintiff made efforts to find a lender during the period of seven weeks, but without avail. In the meantime the defendant was also attempting to secure a loan, or to replace or renew the existing one, but gave no notice of his endeavors in that respect to plaintiff. On February 26 following, plaintiff found a person who was able, ready, and willing to furnish the desired sum to take up the loan, and accepted the application therefor. On the same day she notified defendant by telephone that she had secured a lender. The defendant, who had several days previously arranged with Menzel, the mortgagee, verbally, that the latter would himself accept the $10,000 in cash and renew the loan for a definite period for the $30,000, upon receiving the telephone communication thereupon replied that he had himself made arrangements to renew the loan, and did not desire the money from the lender plaintiff had procured. Soon after, the defendant and Menzel in good faith concluded the renewal of the loan by the cash payment agreed upon, and the execution of a note and mortgage, in accordance with the previous oral understanding.

The verdict was directed by the trial court upon the view that the agency of the plaintiff was similar to that existing between the owner of land and a broker employed to find a purchaser. That such relation is similar, so far as applicable to the facts in this case, is conceded, and it is further admitted that under the decisions of this court the defendant might have obtained the loan himself, for he had impliedly

reserved to himself the right to accomplish that which the broker undertook. Dole v. Sherwood, 41 Minn. 535, 43 N. W. 569. But it is insisted that the owner had no right to change his mind, or make any arrangements for the procurement of the loan inconsistent with the purposes contemplated in the employment of the broker, and that the transaction between the owner and plaintiff excluded the idea that the loan was to be extended or renewed; hence the agreement with Menzel to take the mortgage for a part of the old loan did not deprive plaintiff of her commissions.

The understood object of plaintiff's efforts was to secure a loan to replace the one already on his property, which was about to become due and might be foreclosed, and it would seem to follow that it was within the purposes intended and clearly expressed in defendant's application that he might relieve himself by a renewal, as well as by a new loan, from the consequences which would otherwise follow. If it would not be implied that defendant could renew his loan, it must be because he could borrow the money of any one else in the market, but could not negotiate for the same result with his creditor. We are unable to see the force of this contention, for, whether the money was to be borrowed of a third party or to be reloaned from the mortgagee, the result would be practically the same. The subtle refinement upon which the suggested distinction is urged suggests in answer the axiom of Euclid, "Things which are equal to the same thing are equal to each other."

Again, it is urged that, at the time plaintiff notified defendant that she had found a lender who was willing and able to furnish the loan, the negotiations between Menzel and defendant rested wholly in parol, hence as between these parties were not binding or enforceable, which may be conceded. The defendant could not compel Menzel to carry out his agreement if he declined to do so, but was taking chances in relying thereon, and, although it was carried out in good faith, the fact that the obligation rested upon moral rather than legal grounds until it had been executed inured to plaintiff's benefit; in other words, that, having found a lender who was able and willing to take the loan before the contract between the defendant and the mortgagee was legally concluded, she had earned her commissions and was entitled to the same.

It was the privilege of the owner to secure the loan in any practical

way that did not interfere with plaintiff's right to obtain a lender before her right was consummated. The plaintiff expected to obtain her commissions by furnishing the defendant a benefit which he might not be able to obtain himself. This was the extent and scope of her authority, as to which she, as well as her employer, accepted the risk. That the owner could do this, and thus supplant the plaintiff's efforts, was implied in the conditions of the employment, and that the defendant, acting in good faith, made an agreement which might be void under the statute of frauds as between the owner and the party with whom he was dealing, cannot be made available to deprive such owner of the practical benefits of his implied rights. Browne, St. Frauds, § 135; Chicago v. Kinzie, 49 Ill. 289; Wright v. Jones, 105 Ind. 17, 4 N. E. 281; Ames v. Jackson, 115 Mass. 508.

It is further insisted that, the plaintiff's agency being exclusive, she was entitled to receive notice that the loan had been procured before her authority was revoked by the action of the defendant in making the arrangements with Menzel. The exclusive agency which plaintiff possessed went no further than to prohibit the defendant from interfering with the exercise of her rights in that respect; that is, he could not employ some other agent for the same purpose. Her exclusive agency required of her employer no more than that she could secure the loan which he might secure, but might not employ another to obtain for him (Dole v. Sherwood, supra); hence, in the absence of any special agreement that she was to have notice, the exercise of defendant's right at any time was within the conditions of the agency employment, and, while defendant could not capriciously change his mind and deprive plaintiff of compensation in carrying out the object which he was endeavoring to accomplish, he was acting within his undoubted rights in this instance.

Order appealed from is affirmed.