E. DE FOREST BARNETT and Another v. JULIUS H. BLOCK.[1]

January 27, 1905.

Nos. 14,096—(107).

**Contract—Consideration.**

> Where, upon the allegations of a complaint, it appears that an agent for the sale of lands entered into an agreement with a third party, whereby the latter promised to assist such agent in procuring and effecting a sale thereof for an agreed portion of the agent's commission, such promises must be regarded as mutual, each one furnishing a consideration for the other.

**Misrepresentation by Agent.**

> Under such an agreement perfect good faith is demanded of both parties, and the subagent is prohibited from any misrepresentation to the landowner or his principal, for whom he is dealing, whereby the latter would be induced to surrender his rights, and for any benefits derived by such subagent from such misrepresentations he must account, and is liable in damages.

Appeal by defendant from an order of the district court for Ramsey county, Kelly, J., overruling a general demurrer to the complaint. Affirmed.

*Harris Richardson,* for appellant.
*Humphrey Barton,* for respondents.

[1] Reported in 102 N. W. 390.

LOVELY, J.

This is an appeal from an order overruling a general demurrer to plaintiffs' complaint. In the disposition which must be made of this appeal it is only necessary to summarize from the somewhat involved and complicated allegations of the plaintiffs' pleading such material averments as, under the liberal rules required to be applied to its construction, would tend to disclose the existence of a cause of action.

It is substantially stated in the complaint: That the plaintiffs were the agents of A. D. Clarke & Company for the sale of upwards of one hundred twenty thousand acres of North Dakota lands. That on October 30, 1902, plaintiffs conducted oral negotiations with the Good Homes Land Company, a corporation, through the aid of defendant, who appears to have been its secretary, for the sale of this body of land at the agreed price of $4.50 per acre, that under the arrangement between Clarke & Company and plaintiffs the latter were to have for their commission whatever was received above $3.90 per acre. That the sale was to be procured and effected by means of a subsidiary agreement between the defendant and the plaintiffs, under the terms of which defendant was to receive for aiding in procuring the sale twenty cents per acre thereof for substantial assistance which he could and did promise to give to accomplish that result. That afterwards the defendant falsely represented to the plaintiffs that the Good Homes Land Company could not carry out the contemplated purchase of the land by reason of its inability to raise the necessary money therefor, and requested the plaintiffs to sign a release of the agreement for sale; and in furtherance of that purpose the defendant wrote a letter to A. D. Clarke & Company for the Good Homes Land Company, as its secretary, to the effect that the company was unable to complete the purchase, and asked that it be released from its agreement, and that all negotiations be canceled; he then obtained from plaintiffs a concurrence with the request in writing that the sale be canceled for the reasons stated in defendant's letter, when the negotiations terminated. The request by plaintiffs to Clarke & Company that the sale be canceled was secured by virtue of defendant's untruthful representations that the Good Homes Land Company would not make the purchase, and in reliance thereon by plaintiffs, who believed the same, and were misled thereby. That such representations were not only untrue, but, on the contrary, at the time the letter was

written by defendant and concurred in by plaintiffs there was an alleged secret arrangement between the defendant and Clarke & Company whereby the sale should be consummated after these plaintiffs had been by such means led to abandon the same. That afterwards defendant made a direct deal with the corporation Clarke & Company for the Good Homes Land Company for the land, receiving as a profit directly to himself a large sum of money, of which, under the previous arrangement between plaintiffs and defendant, had it been carried out, plaintiffs' share of the result realized would have been over $7,000.

While it appears that the alleged negotiations between the plaintiffs and the Good Homes Land Company made through the defendant were oral, and could not be legally enforced under the statute of frauds, this defense could have been asserted, but might have been waived, and cannot be raised by third parties. Mott v. Ferguson, 92 Minn. 201, 99 N. W. 804. The essential gist of the action is not the liability of the land company, but the alleged misrepresentations of the defendant, whereby the negotiations for the sale which plaintiffs sought to make and defendant agreed to aid in procuring were defeated, and we have no doubt upon the allegations set forth in the complaint that it states a cause of action. There was a sufficient consideration for the agreement by which the defendant was to receive twenty cents per acre for his promise to aid in the procurement of the sale of the lands, which would have been recoverable had the sale been carried through.

The fact that the defendant was secretary of the Good Homes Land Company does not necessarily imply that he was acting against the interest of such company, or was prohibited from aiding and assisting in making the sale, or necessarily impute fraud upon the rights of the association. This is a matter between the defendant and the Good Homes Land Company, so far as the showing in the complaint goes. The promises of the plaintiffs, as agents of Clarke & Company, to defendant, and of the defendant to aid in effecting the sale to plaintiffs, furnished a sufficient consideration for the promise of each one for the other. 6 Am. & Eng. Enc. (2d Ed.) 727. Hence the utmost good faith was to be exercised by both in their reciprocal dealings. The inducements and representations by which the plaintiffs are claimed to have thrown up the contract are charged to have been intentionally

false, and done to deprive plaintiffs of their commissions, which purpose, it is alleged, was successful, and for such damages as the plaintiffs may have sustained by reason of these representations they are entitled to compensation.   It does not follow necessarily that the allegations of fraud are true because they are alleged.   The defendant has challenged the sufficiency of the same by his demurrer, and for the purposes of disposing of this appeal they must be treated as true; but, whatever the facts may disclose upon the trial of the cause, there was sufficient set forth in the complaint to put the defendant upon a showing of his defense.

Order affirmed.