## HARRY L. SMITH v. ANDREW PREISS and Another.[1]

May 10, 1912.

Nos. 17,403—(32).

**Broker — exclusive agency.**

An "exclusive agency" to sell property is not equivalent to an "exclusive right to sell;" and where an exclusive agency only is granted, the owner retains the right to sell the property himself, without being liable to the agent for commission. Dole v. Sherwood, 41 Minn. 535, followed and applied.

Action in the district court for Stearns county to recover $2,500 commission alleged to be due in the sale of certain stock. The answer admitted that at one time defendants entered into a contract with plaintiff as broker; that pursuant to such contract plaintiff procured one Wenzler as a purchaser of the stock and that it was sold

[1] Reported in 136 N. W. 7.

[Note] The authorities on the question whether brokers's right to make sale of property is exclusive of the owner's right are collated in a note in 24 L.R.A. (N.S.) 279.

to him, and alleged that plaintiff was fully paid for his services in such transaction and that he had never otherwise been employed by them; that the stock so sold to Wenzler was delivered back to defendants and they continued to be the owners thereof until in person they sold it to Warren Freeman, and the sale was made without plaintiff being the procuring cause of it. The case was tried before Taylor, J., who at the close of plaintiff's evidence dismissed the case. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Harry S. Locke,* for appellant.

*J. D. Sullivan,* for respondents.

BROWN, J.

Action for commissions alleged to have been earned in procuring a purchase of certain property. The action was dismissed at the close of the trial, and plaintiff appealed from an order denying a new trial.

The facts in the case are briefly stated as follows: Defendants owned certain stock of a corporation, and gave to plaintiff the exclusive agency for the sale of the same. During the life of the agency defendants made a sale of the stock without consultation with plaintiff, and upon demand refused to pay the agent for services alleged to have been rendered in efforts to procure a purchaser. It appears that plaintiff, subsequent to his appointment as agent, made diligent effort to procure a purchaser. He advertised the stock for sale, and in many ways brought the matter to the public attention. But the evidence wholly fails to show that he was the procuring cause, or in any way instrumental, in bringing about the sale made by defendant. Nor is there any evidence tending to show that defendant, in making the sale, acted in bad faith.

An exclusive agency to sell property is not, in this state, equivalent to a grant of the "exclusive right to sell;" and where the owner grants an exclusive agency only, he retains the right in himself to sell, without being liable to the agent for a commission. Dole v. Sherwood, 41 Minn. 535, 43 N. W. 569, 5 L.R.A. 720, 16 Am. St.

731; Baars v. Hyland, 65 Minn. 150, 67 N. W. 1148. The distinction between an exclusive agency and an exclusive right to sell is pointed out in the cases cited and requires no further comment. So that under the rule there laid down, whatever it may be in other states (Bluthenthal v. Bridges, 91 Ark. 212, 120 S. W. 974, 24 L.R.A.[N.S.] 279), defendants had the right, acting in good faith and without knowledge that the person to whom they sold was induced to buy the property by the efforts of the agent, to make the sale, notwithstanding the fact that they had clothed the agent with an exclusive agency (Quist v. Goodfellow, 99 Minn. 509, 110 N. W. 65, 8 L.R.A.[N.S.] 153, 9 An. Cas. 431; Mott v. Ferguson, 92 Minn. 201, 99 N. W. 804).

As heretofore stated, the record contains no evidence of bad faith on the part of defendants, or that plaintiff was in any way instrumental in inducing or bringing about the sale made by defendants. The court was therefore right in dismissing the action.

Order affirmed.