THE CHARLES E. WALTERS COMPANY, Appellant, v. HAHN, Respondent.

(178 N. W. 448.)

(File No. 4675.    Opinion filed June 22, 1920.)

1. **Corporations—Suit by Foreign Corporation, Broker's Commission Contract, Whether "Doing of Business" In State—Locus of Contract, Immaterial—Statute.**

Under Laws 1917, Ch. 172 (Secs. 8900-8916 Rev. Code 1919,) requiring foreign corporations affected thereby, before doing business within the state, to file with secretary of state certified copies of their charters, and to appoint the secretary of state as resident agent, etc., and providing (Sec. 8909) that every contract made by or on behalf of any foreign corporation subject to its provisions, * * "relating to property" within the state, before compliance with said provisions, is void except as against it, etc.; **held,** that, in order to bring plaintiff within said statute, it must appear that plaintiff, suing for a land sale commission, was doing business in this state, or that the contract was one "relating to property;" that the question where the contract was made is immaterial; that, there being but one transaction proven, there was no "doing of business" in this state.

2. **Brokers—Foreign Corporation, Finding Realty Purchaser in State For, Whether Affecting, "Relating To," Property.**

A contract by a foreign corporation to find a realty purchaser of realty located in this state for a specified commission, was one for personal service; and neither the contract nor its full performance would affect the property or title thereto, within meaning of Sec. 8909 Rev. Code 1919, making void (except

against maker of contract, etc.,) a contract by or for a foreign corporation affecting or "relating to" property in this state, before compliance with its provisions.

3.   **Brokers—Realty, Agency Contract- for Sale Of—Right to Withdraw from Sale Within Specified Time—Sale By Owner, Whether Commission Broker Entitled to Commission.**

Where a contract for agency for sale of realty provided that owner reserved the right to withdraw the property from market at any time on ten days notice in writing, **held**, that the contract was not one conferring exclusive right of sale on agent; that the owner's right to sell his own property is an implied condition of every contract of agency, and, unless expressly negatived, will avail; and where the owner has himself made sale, the agent cannot collect commissions where he is not instrumental in procuring purchaser.

4.   **Brokers—Owner's Notice of Withdrawal from Sale, Immateriality Of—Owner's Right to Sell Unimpaired—Owner's Sale as Terminating Agency.**

**Held,** further, that the giving of notice of withdrawal of the property from the market within the ten days, or at all, was immaterial; since agent's rights were at all times subject to owner's right to sell the property himself; his right to make sale within the ten days being absolute; and when he had consummated sale, the agency terminated, and agent ceased to have any rights as such, even though ignorant of fact of sale.

Appealed from Circuit Court, Minnehaha County. HON. LOUIS L. FLEEGER, Judge.

Action by Charles E. Walters Company, a corporation, against H. W. Hahn, to recover a broker's commission upon sale of realty and bank stock. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*Bailey & Voorhees,* for Respondent.

(1)   To point one of the opinion, Appellant cited, re "doing business": Hart-Parr Co., v. Robb Lawrence Co., (N. D.) 106 N. W. 406; Simmons Burks Cloth Co. v. Linton (Ark.) 117 S. W. 775.

Respondent cited: Southwestern Slate Company v. Stephens, 139 Wis. 616; Re immateriality of locus of contract, cited: Diamond Glue Company v. United States Glue Company, 187 U. S. 611:

(4)   To point four, Respondent cited: Walker on the Law of Real Estate Agency, Sec. 15; White & Haskins v. Benton, 121, Iowa 354.

WHITING, J.   Action to recover broker's commission claimed to have been earned by plaintiff through finding a purchaser ready, able, and willing to purchase certain property which defendant had listed with it for sale.   Verdict directed for defendant.   From the judgment thereon and from an order denying a new trial this appeal is taken.

[1]   The listing contract was in writing and listed for sale a house and lot in this state, and stock in a bank organized and doing business within this state under the state banking laws. Plaintiff was a foreign corporation organized for a purpose that brought it under the provisions of chapter 172, Laws 1917, now sections 8900-8916, Rev. Code 1919 of this state.   This statute requires all foreign corporations affected thereby, before doing business within the state, to file in the office of our secretary of state duly certified copies of their charters or articles of incorporation (section 8902,) and to appoint such secretary of state as their resident agent upon whom service of summons, notices, etc., may be made (section 8903.) A failure to comply with such requirements subjects such corporations to a money penalty recoverable by the state (section 8910.) Section 8909 provides:

"Every contract made by or on behalf of any foreign corporation, subject to the provisions of this chapter, affecting the personal liability thereof or relating to property within this state, before it shall have complied with the provisions of this chapter, shall be wholly void, on its behalf and on behalf of its assigns, but shall be enforceable against it or them."

One of the grounds upon which the motion for directed verdict was based was plaintiff's failure to comply with the provisions of sections 8902, 8903.   Unless the record shows that plaintiff was doing business in this state or that the contract was one "relating to property," it is clear that the provisions of the above sections do not affect plaintiff's right of recovery.   Plaintiff contends that the contract was entered into in another state, and that it did no business in this state.   We deem the place of the contract to be immaterial.   There was no "doing of business" in this state; but one transaction was proven, and it is established that

the entering into of but a single transaction is not the "doing of business" under such a statute.   12 R. C. L. 69, and cases cited.

[2]   The contract was one for personal service.   While the contemplated service was the finding of a purchaser of property located in this state, neither the contract itself nor the full performance of its terms would in any manner affect the property or the title thereto.   We therefore hold that the contract was not one "relating" to the property.   Stablien v. Gemiende, 177 N. W. 810, decided at this term.

[3]   Defendant also moved for directed verdict on the ground that it appeared undisputed that, prior to the time when plaintiff had procured a purchaser for the bank stock and residence, defendant had himself sold same, "and thereby the agency contract between the plaintiff and defendant became automatically cancelled and rescinded."   The contract provided:

"I reserve the right to withdrawn this stock and property from the market at any time I desire on ten days' notice to you in writing."

Plaintiff maintains that, under such provision, defendant could not withdraw it before the expiration of the 10-day notice. Notice of withdrawal was given, but the purchaser was produced within 10 days after such choice was given.   Therefore the only question presented by such motion was whether the defendant had a right to sell, and thereby terminate the contract without notice.   It is defendant's contention that this contract did not give plaintiff the exclusive right of sale.   This contention is sound.   "The right of an owner to sell his own property is an implied condition of every contract of agency, and, unless expressly negatived, will prevail."   Dole v. Sherwood, 41 Minn. 535, 43 N. W. 569, 5 L. R. A. 720, 16 Am. St. Rep. 731; Ingold v. Symonds, 125 Iowa, 82, 99 N. W. 713.   And in case of such a sale by the owner, where, as in this case, the contract does not give the exclusive sale, the agent or broker cannot collect commissions where he is not instrumental in procuring the purchaser to whom the owner sold.   Dole v. Sherwood, supra; Ingold v. Symonds, supra; 9 C. J. 575, citing numerous decisions in support therof; 4 R. C. L. 318.

[4]   It follows that the giving of the notice is an absolutely immaterial fact.   Plaintiff is in no better position than if no

notice had been given. Its rights were at all times subject to the right of defendant to sell the property himself. If defendant had not consummated a sale before giving the notice, the giving of same in no manner affected his right to make a sale within the 10 days. He had the same right to make a sale during that period as he had before, and when he consummated the sale the agency was terminated, and plaintiff ceased to have any rights as an agent or broker, even though he was in ignorance of the fact of sale. When he took a contract not exclusive in character, he took it knowing of the right of defendant to make a sale at any time. There seems to be absolutely no conflict in the authorities on this point.

The judgment and order appealed from are affirmed.