**IRELAND et al. v. ABBOTT. (No. 1821.)**

(Court of Civil Appeals of Texas. Amarillo.
Oct. 19, 1921. Rehearing Denied
Nov. 23, 1921.)

1. **Appeal and error** ⚖⇒854(1)—Judgment sustained if supported by evidence on any issue in absence of findings of fact or conclusions of law.

Where there are no findings of fact or conclusions of law in the record, the judgment must be sustained if it can be supported by evidence on either of the several issues presented by the pleadings.

2. **Estoppel** ⚖⇒83(3)—Broker held estopped to claim they procured purchasers.

Where brokers' subagents failed to notify brokers that they had interested purchasers in land, and one of the brokers on inquiry from the owner stated that he had never heard of such purchaser, the brokers were estopped from claiming to have procured the purchasers.

3. **Brokers** ⚖⇒46—Contract held not to give broker exclusive right to sell land.

Contract, providing that owner gives broker "the exclusive sale of said land except that I reserve unto myself the right to sell or trade the same at any time," did not give broker the exclusive agency or the exclusive right to sell the land.

4. **Appeal and error** ⚖⇒1052(7)—Admission of testimony held harmless, in view of theory on which judgment was rendered.

In broker's action for commissions in which judgment was rendered for owner on theory that brokers were estopped to claim to have procured the purchaser, admission of testimony as to brokers or subagents having spoken to purchasers about the land, if error, *held* harmless.

Appeal from District Court, Castro County; R. C. Joiner, Judge.

Suit by E. S. Ireland and another against George T. Abbott. Judgment for defendant, and plaintiffs appeal. Affirmed.

S. E. Fish, of Amarillo, for appellants.
Williams & Martin, of Plainview, for appellee.

HALL, J. E. S. Ireland and G. T. Oliver sued appellee, Abbott, to recover commissions in the sum of $7,751.52, alleged to be due them as commissions for procuring purchasers for and being the procuring cause of the sale of appellee's land. They allege that appellee listed his land with appellant Ireland exclusively for 60 days, and that thereafter Oliver, with the consent of the appellee, became associated with Ireland in an effort to sell the land; that thereafter the contract of agency was extended indefinitely; that the land was listed for sale at $20 per acre, net to appellee, and that appellants were to receive all sums in excess of the price named; that appellants, through their agents found purchasers for the land, giving the prospective purchasers the name of the owner and pricing the premises at $22.50 per acre; that thereafter the purchasers negotiated directly with appellee, and consummated the sale at $20 per acre. There is no allegation of fraud. They pray for judgment for 5 per cent. commissions.

In his original answer, appellee alleged that in his contract with appellants he reserved the right to sell or trade the land at any time; that he sold to R. S. Beard and John B. Pope, Jr.; that after he commenced negotiations with them the appellant Ireland advised him that he did not know the purchasers, had not negotiated with them and that appellants were therefore estopped from claiming commissions. The case was tried before the court without a jury and it resulted in a judgment for appellee.

[1, 2] There are no findings of fact or conclusions of law in the record. Under such circumstances the judgment of the court must be sustained if it can be supported by evidence on either of the several issues presented by the pleadings. Rosson v. Miller, 15 Tex. Civ. App. 603, 40 S. W. 861. The land was sold by Abbott to Beard and Pope on July 26th. Upon the issue of estoppel the defendant Abbott testified in substance as follows:

"I saw Mr. Ireland at my place. He said he had heard I had sold my place. I told him, 'No, not for sure, but believe I will,' and he says, 'To who?' I said, 'Mr. Beard and Mr. Pope.' 'Do you know them?' He said, 'No, sir,' and I said, 'Do you know of them?' and he said, 'No, sir,' and I said, 'Did you ever hear of them?' and he answered, 'No, sir.'"

This conversation was about the 10th or 11th of July. It appears from the statement of facts that after the land was listed with Ireland he associated his coappellant G. T. Oliver, who resides in Amarillo, with him, in an effort to sell the land; that Oliver associated J. F. Garrison of Fort Worth and Geo. Doubleday of Amarillo with him in the undertaking. There is evidence in the record from which the court might have concluded that Doubleday and Garrison had first called to the attention of John B. Pope, Jr., the fact that the land was for sale, but it does not appear that they, as subagents, notified either the appellee or their principal, Ireland, of their efforts. Pope denies that Garrison and Doubleday interested him in the matter. In any event, the failure of the subagents to notify their principal and his acts, which clearly amount to an estoppel, would deprive the appellants of the right to recover. But for the estoppel appellant would be entitled to a judgment under the rule announced in Graves v. Bains, 78 Tex. 92, 14 S. W. 256, and other cases announcing the same rule in this state. But so far as the record shows there is no privity of contract between Abbott and Garrison and Doubleday. Admitting that Oliver knew of the services rendered by Garrison and Doubleday, and that they were sufficient to entitle them to recover as agents, the law does not require appellee to consult Oliver before closing the deal. This disposes of the first four assignments, and requires us to affirm the judgment.

[3] The contract of agency between Abbott and Ireland contains this recital:

"It is understood that I give to the said E. S. Ireland the exclusive sale of said land except that I reserve unto myself the right to sell or trade the same at any time."

This stipulation is inconsistent with either a contract of exclusive agency or a contract conferring the exclusive right to sell. Smith v. Preiss, 117 Minn. 392, 136 N. W. 7, Ann. Cas. 1913D, 820, and note.

[4] The fifth assignment complains of the court's action in permitting appellee to testify that he did not have notice that Ireland, Oliver, Garrison, or Doubleday had spoken to these parties about the place; and the sixth assignment is based upon the admission of testimony from the witness Pope, to the effect that when he went to interview the defendant about the lands he had nothing in mind about Garrison and Doubleday having mentioned it to him. But for the plea and proof of estoppel these assignments should probably be sustained, but under the view we take of the case the error, if any, is harmless.

The judgment is therefore affirmed.