KELLER CORPORATION v. ELMA L. CABLE AND
ANOTHER.
GEORGE S. WILSON, RESPONDENT.[1]

April 5, 1940.

No. 32,364.

*John J. Dudley,* for appellant.
*Jesse Van Valkenburg, Horace Van Valkenburg,* and *Warren E. Blaisdell,* for respondent.

STONE, JUSTICE.

Plaintiff appeals from the order sustaining defendant Wilson's separate, general demurrer to the complaint.

Plaintiff sues for general and special damages for breach of a contract between itself and John E. Cable and his wife (now his widow) Elma L. Cable. The contract was made March 1, 1937. Mr. Cable died two years later. By the contract the Cables appointed plaintiff their "sole agent to sell" a certain Ramsey

[1]Reported in 291 N. W. 515.

county subdivision. Plaintiff had partially performed the contract when Mr. Cable died. His widow, as executrix, sold the portion of the property not earlier disposed of by plaintiff to defendant Wilson. There is no allegation that Mr. Wilson was procured as purchaser by plaintiff.

1. Inasmuch as plaintiff was but an exclusive selling agent under a contract which did not deprive the Cables of their own right to sell directly to a purchaser not procured as such by plaintiff, the latter has no cause of action arising from the sale to Wilson. That is long settled law. Dole v. Sherwood, 41 Minn. 535, 43 N. W. 569, 5 L. R. A. 720, 16 A. S. R. 731; Smith v. Preiss, 117 Minn. 392, 136 N. W. 7, Ann. Cas. 1913D, 820.

It is immaterial that plaintiff has alleged a conspiracy between Mrs. Cable and Wilson to interfere with its contract rights. Mrs. Cable had the right to sell to Wilson, and Wilson had the right to buy. So the result was without illegal injury to plaintiff.

There is an allegation that when the sale to Wilson was made plaintiff had earned commissions under the contract which have not been paid. There is no averment that Wilson is in any way liable for such commissions, a fact which counsel for plaintiff has conceded with a candor which is commendable but too infrequent in partisan advocacy.

2. We observe with chagrin that counsel have deemed it necessary to have a case settled by the trial judge. That was wholly unnecessary. A case coming here on appeal from an order on a demurrer is adequately presented, so far as record is concerned, by the return of the clerk. Fidelity-Philadelphia Trust Co. v. Brown, 181 Minn. 392, 232 N. W. 740.

Order affirmed.