[1] The respondent brought suit against appellant in the Magistrate's Court to recover damages claimed to have been incurred under a contract for commission on sale of a gift shop. Respondent recovered a judgment for $800 and the appellant appealed to the Circuit Court where, upon a trial without a jury, the above judgment was affirmed, with interest from June 10, 1948. Appellant thereupon appealed to this court.
[2] For convenience, we shall hereinafter refer to the respondent and the appellant as "plaintiff" and "defendant", respectively, which positions they occupied in the trial courts.
[3] At the trial in the Circuit Court the cause was submitted on the following Stipulation of Facts and Exhibit A:
"Stipulation
[4] "The parties hereby stipulate and agree that the following are the essential facts involved in this case:
[5] "On April 5, 1948, plaintiff and defendant entered into the contract identified as Exhibit A. Four days later, on April 9, 1948, defendants sold the gift shop which was the subject matter of the contract, for $11,000.00 to parties with whom defendant had been negotiating prior to signing the contract. The purchasers were strangers to the plaintiff and no other agent was employed in the sale. After the sale was completed defendant called plaintiff and told him the property had been sold.
 "`Exhibit A' "Sales Agreement (Exclusive Right to Sell)
"Date 4/5/48
"Blankenship Agency 1000 Waltower Building Kansas City, Missouri Harrison 3898
"You are authorized to procure a purchaser for my Game Gift Shop Located at 6237 Brookside, K. C., Mo. Known as Brookside Game Gift Shop.
"Said authorization to be exclusive for a period of 30 days from this date.
"I agree to pay Blankenship Agency, in cash 8% commission on business of the total price of
"$11,500 — Our Commission
$ 1,000 or 8% any accepted price
"Seller agrees to pay agency its full commission if real estate or business sold to agent's client within 90 days after this listing expires.
"No charge for Advertising or Listing "E. J. Kiehne.
(signed) Owner Ja. 4501 Phone . . . . . Address 4/5/48 Date " H. H. Williams (signed) Salesman 4/5/48 Date"
[6] It is stated in appellant's brief and not denied by respondent that "the contract set forth above was on a printed form, on which the only handwritten parts were the date, description of the property, amount of commission and signatures".
[7] Appellant's first point is that "the granting of an exclusive agency or exclusive right to sell a specific piece of property does not preclude the principal from making a sale himself without incurring any obligation to the agent for a commission". From this statement of the appellant's opinion of a mere abstract principle of *Page 168 
law we understand appellant's Point 1 is that the court was in error in construing the contract in question to preclude the right of the defendant (principal and owner) to sell the specific property described to a purchaser procured by himself, without obligating himself to pay the plaintiff a commission on such sale.
[8] Under Point 1 defendant contends the general rule to be that a principal can compete with his "exclusive agent" without obligating himself for commission to such agent. He points out that courts, in construing "exclusiveness" of agency contracts, have placed them in two classes, one having to do with "the exclusiveness of authority of an agent to sell a particular piece of property", and another group wherein, for instance, the principal gives the agent the exclusive right to sell in a given territory as the products of a manufacturer. He presents authorities which, he says, support the rule that in the former group the principal may compete with the agent, and in the latter, the principal cannot. Am.Jur. Vol. 2, Agency, Sec. 307; Dole v. Sherwood, 41 Minn. 535, 43 N.W. 569, 5 L.R.A. 720, 16 Am.St.Rep. 731. Defendant cites an "exclusive agency contract to sell a piece of real estate as an example of the first group, and a territorial agency to sell Ford cars in a certain territory as an example of the second group. He classifies the contract in question as a contract for the exclusive "authority of the agent to sell a particular piece of property", and which, he contends, does not preclude the principal from competing with the agent. He admits, of course, that the contract does not permit the owner to appoint another agent to accomplish the same result.
[9] Defendant concedes that by specific language a principal may contract away his right to sell, such as where the contract provided "should the sale be made by defendants, or any one else", Wanstrath Real Estate Co. v. Wenz et al., 185 Mo. App. 162, 170 S.W. 345, or "if a sale or exchange * * * is made while in charge of said company, I agree to pay, etc." Mercantile Trust Co. v. Lamar, 148 Mo.App. 353, 128 S.W. 20, 21 or if the sale or exchange was made "by any one" during the term of the contract Da Pron v. Neu, Mo.App., 43 S.W.2d 915. Defendant does not contend that the words beneath the title of the present contract "(Exclusive Right to Sell)" cannot be considered, but insists that those words, when considered, do not change the character of the contract from one for an agency to sell a particular piece of property on commission to a contract for agency or right to sell a product in an area.
[10] Defendant further asserts that the contract involved becomes ambiguous when the theory of plaintiff's legal distinction between the words "Exclusive Agency" and "Exclusive Right to Sell" is considered. But, for his remaining Point 2, defendant contends that when ambiguity appears in a contract it must be strictly construed as against the party who made it. While there is no evidence in the record as to who prepared the contract, it may reasonably be assumed that the plaintiff did so, since it was mostly in printed form, including the addressee.
[11] Plaintiff claims there is no ambiguity in the contract; that the "exclusive authorization" in the contract can refer only to the exclusive authority to procure a purchaser; that the words "Exclusive Right to Sell", appearing conspicuously near the top of the contract, immediately beneath the title, do not contradict nor enlarge the words in the body of the contract, and that the defendant has nowhere shown that he was misled by them; that defendant's authorities either are not applicable or they support the plaintiff; that the contract plainly granted the plaintiff exclusive right to procure a purchaser for the property in question during the contract term.
[12] The words in controversy in the contract before us must not be considered loosely, or merely in their general sense and without qualifications made necessary by the very nature of the dispute. It is true that the agreement was a "contract of agency"; that it was one for the appointment of an "exclusive agency", in the sense that no other agent could compete; that it was a contract for the "exclusive authority of the agent to sell a specific piece of property" *Page 169 
in the same limited sense as just stated. But the contract before us was more than that. It cannot be conclusively described by those general terms. We must examine fully the exact words of the specific contract in controversy. It stated that "you (the plaintiff) are authorized to procure a purchaser for my * * * shop. * * * Said authorization to be exclusive for a period of 30 days from this date". Stated differently, without losing any of its meaning, it could have read: "For 30 days from this date you and you alone are authorized to procure a purchaser for my * * * shop * * *". This is as clear as if the contract had read: "by any one else", or "if a sale is made", or "by any one" as in the cases cited, supra, with which defendant concurs. Construing the contract strictly as against the plaintiff who prepared it, yet we cannot change the plain meaning of plain words. The agency is not only made exclusive as to other agents, but the authority to procure a purchaser is made exclusive, without any exception or reservation. When defendant "procured" his own purchaser during the term of the contract, he plainly infringed upon the "exclusive authority" of the plaintiff to do so. If the parties had intended otherwise, they could have so stipulated.
[13] If the contract were ambiguous, as defendant asserts, then we could consider the conspicuous words in parentheses appearing on the face of the contract beneath its title "(Exclusive Right to Sell)." Defendant concedes that those words were advisedly used to distinguish the contract from territorial sales agency contracts. We must, at least, under the circumstances, consider those parenthetical words as in the nature of a recital. If the operative provisions of a contract are ambiguous, recitals may be looked to for the purpose of construction and arriving at the intent of the parties. 17 C.J.S., Contracts, p. 733, § 314. The words "Exclusive Right to Sell", as a recital of the nature of the agreement, would only confirm what we understand the operative provisions of the contract to mean and as we have held above, namely, that it was a contract appointing the plaintiff as sole agent for a 30 day period with sole and exclusive authority, as against the defendant owner and all other persons, "to procure a purchaser" for the property. The judgment is affirmed.
[14] CAVE, J., concurs.
[15] BROADDUS, J., not participating.