## Turner, Appellant, v. Baker.

225    359
41SC¹218
41SC¹448

*Principal and agent—Real estate broker—Commissions—Contract—Findings of fact.*

1. If an owner of real estate chooses to make a contract with a broker in which it is stipulated that the broker shall have the exclusive right to sell the property within a specified time and that he shall be entitled to receive a certain commission if a sale be made within the time designated, no matter who makes it, he is bound by its terms and cannot be relieved from a bad bargain because his agreement may have been foolish or improvident; but a mere appointment of a broker as sole agent to sell real estate at a stipulated price upon a stated commission does not entitle the broker to a commission, if the owner himself sells the real estate during the term of the broker's employment, and the broker did not produce a purchaser during the term of the contract ready, able and willing to purchase the property.

2. In an action by a broker to recover commissions on an alleged sale of real estate, where the case is tried by the court without a jury, a finding of fact by the court based on sufficient evidence that the broker did not produce a purchaser willing to comply with the owner's

terms, will not be reversed by the appellate court in the absence of manifest error.

3. Where an owner of real estate agrees with a broker to pay him commissions if he sells the property for $30,000 in cash, the broker does not comply with the terms of his employment by producing a purchaser who is willing to pay $15,000 in cash and give a mortgage to secure the balance, especially when the negotiations to modify the terms of the contract did not ripen into an executed agreement between the parties.

Argued May 10, 1909.  Appeal, No. 333, Jan. T., 1908, by plaintiff, from judgment of C. P. Union Co., May T., 1906, No. 56, for defendant on case tried by the court without a jury of Charles W. Turner v. W. N. Baker.  Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ.  Affirmed.

Assumpsit to recover commissions on sale of real estate.

The case was tried by McCLURE, P. J., without a jury under the Act of April 22, 1874, P. L. 108.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant.

*Andrew A. Leiser,* with him *Andrew A. Leiser, Jr.,* for appellant.—The owner is liable for commissions on sales made by himself, when the broker has the exclusive right to sell: Levy v. Rothe, 39 N. Y. Supp. 1057; Moses v. Bierling, 31 N. Y. 462; Metcalf v. Kent, 104 Iowa, 487 (73 N. W. Repr. 1037).

The owner is liable for commissions on sales made by himself within the time limit fixed by the contract with his broker: Owens v. Wehrle, 14 Pa. Superior Ct. 536; Reed v. Reed, 82 Pa. 420; Showaker v. Kelly, 21 Pa. Superior Ct. 390; Crane v. McCormick, 92 Cal. 176 (28 Pac. Repr. 222); Gregory v. Bonney, 135 Cal. 589 (67 Pac. Repr. 1038); Sylvester v. Johnson, 110 Tenn. 392 (75 S. W. Repr. 923); Green v. Cole, 127 Mo. 587 (30 S. W. Repr. 135); Kimmell v. Skelly, 130 Cal. 555 (62 Pac. Repr. 1067).

The plaintiff having produced a purchaser, ready, able and willing to buy defendant's hotel within the life of his contract, and defendant having refused to sell to such person because he

had sold to another party, the plaintiff was entitled to commissions on the sale so made, or to damages for the breach of the contract, and the measure of damages is the amount of the commissions under the contract.

*William R. Follmer*, for appellee.—It is a fact, and the court was right in finding, that the plaintiff did not have a purchaser ready and willing to purchase upon terms satisfactory to the defendant, or upon the terms of the agreement as shown by the plaintiff, and that the plaintiff, not having produced such a purchaser, has not earned his commissions.

The court found that the terms upon which Mr. Turner was authorized to make the sale was $30,000 cash to Baker, and we submit that this being the case, he could claim no commissions even if he had found a purchaser, ready, willing and able to buy the property by paying $15,000 cash and giving Mr. Baker a mortgage for $15,000.

He would be entitled to no commission nor to any compensation for services in securing or seeking a purchaser on terms forbidden by his principal: Keys v. Johnson, 68 Pa. 42; Hartley v. Anderson, 150 Pa. 391; Kifer v. Yoder, 198 Pa. 308; Bradford v. Menard, 28 N. W. Repr. 248; Smith v. McCann, 205 Pa. 57.

A party having employed a broker to sell real estate may, notwithstanding, negotiate himself, and if he does so without any agency of the broker, he is not liable to the latter for a commission: Stamets v. Deniston, 193 Pa. 548; McMahan v. Burns, 216 Pa. 448; Stewart v. Murray, 92 Ind. 543; Waterman v. Boltinghouse, 82 Cal. 659 (23 Pac. Repr. 195); Doonan v. Ives, 73 Ga. 295; Ingold v. Symonds, 99 N. W. Repr. 713.

OPINION BY MR. JUSTICE ELKIN, June 22, 1909:

It is contended that appellant was constituted the exclusive agent of appellee to sell his hotel property and that any sale made while the contract of exclusive agency remained in force, either through the efforts of the broker or by the principal, entitles the broker to recover his commission although he was not instrumental in effecting the sale. In some juris-

dictions the rule does seem to be laid down as broadly as above stated, but this is not the law in Pennsylvania. It is true in some of our cases, where the parties had executed a contract in which it was expressly covenanted that the broker should be paid a stipulated commission in the event of a sale within the time specified no matter whether it was effected by the broker, or by the principal, or by any other person, it was held that the commission could be recovered when the sale was made and that it was immaterial who made it. These cases announce no new rule of law. They are simply declaratory of a fundamental maxim which is that parties are bound by the terms of their own contract. If an owner of real estate chooses to make a contract with a broker in which it is stipulated that the broker shall have the exclusive right to sell the property within a specified time and that he shall be entitled to receive a certain commission if a sale be made within the time designated, no matter who makes it, he is bound by its terms and cannot be relieved from a bad bargain because his agreement may have been foolish or improvident. Our cases have gone thus far and no farther. In the present case the contract contains no such provision, and hence the rule above stated has no application. The appellee did constitute appellant his sole agent to sell a hotel property at a stipulated price and agreed to pay him a commission for his services. He further agreed that the broker should have the exclusive right to dispose of the property and that written notice should be given ten days before the withdrawal of the business. The broker did not make a sale, the principal did. The principal did not give the ten days' withdrawal notice as required by the contract which the broker insists was still in force when the sale was made by the principal. The right to recover the commission under these circumstances is asserted on two grounds, first, that a sale made by any person while the contract remained in force entitled the broker to the stipulated commission, and, second, that the commission was earned by the broker producing a purchaser who was ready, able and willing to buy the property. The first position cannot be sustained for the reasons hereinbefore stated. The second contention

depends upon the facts. If in point of fact the broker had produced a purchaser ready, able and willing to buy upon the terms of the contract, and while it remained in force, he would clearly be entitled to his commissions under the rule of all the authorities. This is the pinch of the case and it is almost entirely a question of fact. The learned court below found as a fact and stated as a conclusion of law that such a purchaser had not been produced by appellant and that his right to recover could not prevail. Unless there is manifest error in this finding of fact the judgment must be affirmed. In this connection it should be borne in mind that this is an action of assumpsit brought in the common pleas and regularly triable before a jury. The parties by agreement waived trial by jury and the case was heard before the court below under the act of 1874. In such cases the findings of the court take the place of the verdict of a jury and come before an appellate court with the same force and effect. The twelfth and twenty-first requests for findings of fact submitted by defendant were affirmed, and while the testimony in some respects may have been contradictory it was the duty of the court to consider all of it, reconcile it if possible, and if this could not be done, then to make such findings as the weight of the evidence warranted. This was done with the result that the court found as a fact that appellant had not secured a purchaser for the property upon the terms stipulated in the contract. The evidence was sufficient to sustain this finding and certainly there is no such manifest error as to justify a reversal. In his declaration the plaintiff averred that the price at which the property was to be sold was $30,000, $15,000 of which was to be paid in cash and the remainder to be secured by a lien upon the property. The authority to sell did not contain the latter provisions and the burden was on appellant to prove such contract if it existed. The written contract offered in evidence by the plaintiff provides that the property shall be sold for $30,000, which under our cases means a cash payment when no other terms are specified. The plaintiff, therefore, by introducing the written contract in evidence, made out a prima facie case showing his authority to sell the property for $30,000 cash. He did not

undertake to show that he had a purchaser ready, able and willing to pay this price in cash for the property, but did introduce testimony showing that there had been considerable correspondence looking to an arrangement whereby $15,000 would be paid in cash and a mortgage given to secure the balance. These negotiations did not ripen into a contract, nor was anything definitely agreed upon as to terms of payment or sale of the property. The evidence was not sufficient to show that the terms of the written contract were varied in respect to payment, nor that any purchaser had been produced by appellant to purchase upon the terms stipulated in the contract. Under these circumstances, we think the learned court below was fully justified in reaching the conclusion that a case had not been made out and in directing a judgment for defendant.

Judgment affirmed.