BOMAR et al. v. MUNN et al.

(Court of Civil Appeals of Texas. Ft. Worth. June 28, 1913.)

1. BROKERS (§ 46*)—RIGHT TO COMMISSIONS—EXCLUSIVE AGENCY—SALE BY OWNER.

Whatever be the right of plaintiffs to a commission, if they were given the exclusive "right" to sell land, for a period of a year, and during that time it was sold by the owner, through his efforts alone, they, if only given the "exclusive agency" to sell it for that time, are not, in the case of such a sale by him, entitled to a commission, in the absence of a special contract therefor.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 47; Dec. Dig. § 46.*]

2. BROKERS (§ 85*)—ACTION FOR COMMISSIONS—EVIDENCE OF EFFORTS AND EXPENSES.

In an action by brokers for a commission, on the theory that under their contract they were entitled to it, though the sale was made by the owner, evidence of efforts made by them to sell and expenses incurred by them in so doing is inadmissible.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106–115; Dec. Dig. § 85.*]

3. APPEAL AND ERROR (§ 928*)—RECORD—PRESUMPTION.

The record containing no charge, and the transcript being certified to contain a true and correct copy of all the proceedings had in the cause, as they appear on file and of record in the clerk's office, it cannot be presumed any instruction, eliminating the effects of prejudicial evidence improperly admitted, was given.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3749–3754; Dec. Dig. § 928.*]

4. TRIAL (§ 240*)—ARGUMENTATIVE INSTRUCTIONS.

Requested instructions, being argumentative in form, are objectionable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 561; Dec. Dig. § 240.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by W. E. Munn and another against L. H. Bomar and another. Judgment for plaintiffs. Defendants appeal. Reversed and remanded.

Stephens & Miller, of Ft. Worth, for appellants. A. J. Clendenen, of Ft. Worth, for appellees.

DUNKLIN, J. L. H. Bomar and George W. Riddle, defendants, have appealed from a judgment rendered in favor of W. E. Munn and F. L. Portwood, plaintiffs, for commissions claimed by the plaintiffs, as

real estate brokers for the sale of certain property owned by the defendants. The cause of action asserted by the plaintiffs was, substantially, that for a valuable consideration paid by them the defendants gave them the exclusive right for the sale of the property for a period of one year; that plaintiffs had expended labor and money in endeavoring to find a purchaser; and that during the life of the contract for exclusive agency the defendants sold the property to one Dr. Tate, to whom plaintiffs had previously shown the property. Plaintiffs introduced evidence tending to prove the contract alleged. There was neither pleading nor proof of the amount of money expended by plaintiffs nor of the value of their services rendered in their efforts to procure a purchaser for the land, nor did plaintiffs allege that their services were the efficient cause of the sale.

[1] While it is alleged in the petition that plaintiffs were employed by the defendants as their agents and brokers for the purpose-of selling the property, and that plaintiffs were given "the exclusive *right* for the period of one year thereafter to sell said land, and upon a sale thereof plaintiffs should receive 5 per cent. of the selling price as commission"; yet in subsequent portions of the petition the contract of employment is designated as one of "exclusive agency" to sell said lands. If the contract of employment was that of exclusive agency only, then, in the absence of special contract to the contrary, the defendants would have the right under the law to sell the property, themselves, without incurring any liability to plaintiffs for commissions. Of course, if defendants agreed with plaintiffs not only to give them the exclusive agency for the sale of the land, but also to pay them a commission upon any sale by whomsoever made, then such a contract would render the defendants liable even though the efforts of the plaintiffs were not the procuring cause of the sale. Evidently counsel for appellees proceeded upon the theory that, if the plaintiffs were given "the exclusive *right*" to sell the land for the period of one year, then defendants would be liable for the commission, even though the property was sold through their efforts alone. Whether or not this contention is correct it is not necessary for us to decide, since no assignment has been presented by appellants raising the question; but we have deemed it expedient to moot the question, in view of another trial.

[2] By their first four assignments complaint is made of the admission of the testimony of the plaintiffs showing the efforts made and the character of expenses incurred by them to sell the property. We are of the opinion that in those rulings reversible errors were committed, since, even under plaintiffs' own construction of their petition, such testimony was not pertinent to any material issue presented and was calculated to prejudice the rights of defendants.

[3] The record before us contains no charge given by the trial judge to the jury. Attached to the transcript is a certificate from the clerk of the trial court that the transcript contains a true and correct copy of all the proceedings had in the cause as the same appears on file and of record in his office. No motion has been made before us suggesting a diminution of the record and showing that a charge was given by the trial judge, and was omitted from the record. Hence we must accept the certificate of the clerk as correct. It follows from this that we must assume that no instruction was given by the trial judge to the jury; and therefore no presumption can be indulged that the trial judge may have give instructions to the jury which eliminated any harmful effects to appellants from such testimony.

[4] The requested instructions, the refusal of which is complained of in the fifth and sixth assignments of error, we think were objectionable as being argumentative in form, and hence properly refused.

Appellant L. H. Bomar and his wife both testified that during the summer, and at a later date than the date of the contract upon which plaintiffs' petition is predicated, plaintiff Munn entered into a contract with Bomar or agency for the sale of the property in controversy, the terms of which, according to the testimony of these two witnesses, were materially different from the contract alleged in the plaintiffs' petition. Apparently upon the theory that this contract was a novation and substitute for the original contract alleged in the plaintiffs' petition, if the same was in fact made, appellants requested an instruction submitting the same as a complete defense to plaintiffs' suit. To the refusal of this instruction appellants have assigned error. In reply to this assignment, appellees call attention to the fact that this new contract, if made, was not pleaded by the defendants, and therefore insist that, notwithstanding the proof offered tended to show that it was in fact made, such proof could avail appellants nothing. It will be unnecessary to discuss the merits of this assignment, as the pleadings may be different upon another trial.

For the errors indicated, the judgment is reversed, and the cause remanded.