## TSANGARES v. FUGAZZI.

(Court of Appeals of District of Columbia. Submitted December 6, 1923.
Decided April 7, 1924. Rehearing Denied May 3, 1924.)

No. 3972.

1. **Brokers ☞88(1)—In action for commission, evidence held for jury.**

In broker's action for commission for procuring prospective purchaser for premises which defendant sold to another, evidence *held* to make a case for the jury.

2. **Brokers ☞63(1)—Not deprived of commissions because principal refuses to complete sale.**

A broker, employed to negotiate a sale of property, cannot be deprived of commissions by principal's refusal to complete the sale negotiated, within the terms and time limited by the contract.

Error to the Municipal Court of the District of Columbia.

Action by Arthur Tsangares against Eugeneo Fugazzi. Judgment for defendant, entered on a directed verdict, and plaintiff brings error. Reversed and remanded for a new trial.

C. R. Ahalt and H. S. Barger, both of Washington, D. C., for plaintiff in error.

J. A. Toomey and V. L. Toomey, both of Washington, D. C., for defendant in error.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. Tsangares, plaintiff in error, a licensed real estate agent, brought suit to recover a real estate broker's commission of Fugazzi. Both parties introduced evidence, at the close of which the court granted a motion of the defendant to direct a verdict in his favor. To this the plaintiff excepted, and the controlling question here is whether the court erred in so directing the verdict.

[1] The evidence on behalf of the plaintiff tended to show that on July 11, 1922, the defendant employed and authorized him to sell certain real estate at a price of $17,000, for which, if sold, the plaintiff was to receive the usual real estate broker's commission; that within a short time the plaintiff found a purchaser at that price, and prepared the ordinary written contract of sale designed to be signed by the vendor and vendee; that in the forenoon of July 24, 1922, the defendant called at the plaintiff's office and was shown said contract of sale; that certain slight changes were made therein for defendant's protection, at his request; that he then informed the plaintiff that, when the contract was signed by the intending purchaser, he would accept the same, if the deposit therein provided was then paid, but that he wanted to know definitely about it; that plaintiff assured him that the deposit would be made, the contract signed, the deal closed, and that there was nothing uncertain about it; that the defendant thereupon said that, if plaintiff did not sell it that day, he was going ahead and sell it himself;

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that, using the language of a witness, defendant said "he would wait the day out before going ahead and closing the deal himself"; that between 1 and 2 o'clock of that day the plaintiff procured the intending purchaser to sign the contract of sale and put up his deposit check pursuant thereto; that such purchaser was then ready, willing, and able to purchase the property pursuant to the contract; that on the same day the plaintiff went to defendant, showed him the contract of sale signed by the intending purchaser, and asked him to sign the same and accept the deposit check; that the defendant refused to do either, saying it was too late, as he had sold the property at a higher figure; that thereupon the plaintiff said:

"Well, Mr. Fugazzi, you told me that you would give me to-day to get a purchaser, and I have been after you ever since in the neighborhood of 2 or 3 o'clock. Do you think that's treating us right under your contract?"

Replying to which defendant said:

"Well, I'm sorry. No commish." "No commish; more money!"

The principal and important difference in the evidence on the part of plaintiff and defendant, so far as in conflict, was that the defendant denied telling the plaintiff that he could have the day of July 24th in which to sell the property. Defendant did some time in the afternoon of that day sell it to a person other than the one with whom the plaintiff had negotiated the sale, at a higher price than that which he authorized plaintiff to sell it for, and refused to pay the plaintiff his commission. The evidence clearly had a tendency to show that the defendant agreed to pay a commission to the plaintiff in event he procured a purchaser during the day of July 24, 1922, who was ready, able, and willing to purchase the property upon the terms specified by the defendant, which were embodied in the proposed contract of sale, and, if the jury had so found, the plaintiff would have been entitled to recover.

[2] We think the law is settled that, if a real estate agent is given the exclusive right for a definite time, either expressly or by implication, to negotiate the sale of a particular property, he cannot be deprived of his right to commissions because his principal refuses to complete the sale which the agent has negotiated, if within the terms and the time limited by the contract between them. 9 Corpus Juris, 622; Cissel, Talbot & Co. v. Hayden, 41 App. D. C. 477. None of the cases cited by the defendant is contrary to this principle, as we understand them.

The Municipal Court erred in refusing to submit the case to the jury. The judgment below is reversed, with costs, and the cause remanded for a new trial.