JOHN A. DONAHUE *vs.* THE REINER COMPANY.

JANUARY 26, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

RATHBUN, J. This is an action of trespass on the case in assumpsit brought by a broker to recover a commission. At the trial in the Superior Court the plaintiff was nonsuited and the case is now before us on the plaintiff's exception to the granting of the nonsuit and on exceptions to the admission and exclusion of testimony.

The declaration contains the common counts and two special counts in each of which the plaintiff alleges that the parties entered into an agreement whereby the plaintiff was given exclusive authority for a period of six months to sell the defendant's drug stores, fixtures, leases, *etc.;* that the plaintiff performed all the conditions of the agreement on his part to be performed and that the defendant, disregarding the rights of the plaintiff under the agreement, within said period of six months sold all of said stores, leases and fixtures.

It appears that after receiving authority to act as the defendant's agent in selling said stores the plaintiff employed as a sub-broker, Henry Lippman, of New York, to assist in selling the stores. Lippman called by telephone the Liggett Company and talked with someone who represented himself to be Mr. Watt, one of the executives of said company having authority to purchase stores. Lippman did not know Mr. Watt and, not being familiar with his voice, did not know whether the conversation which followed was with Mr. Watt or with some other person, consequently Lippman was not permitted to testify as to what information he gave by telephone relative to the fact that the Reiner Company's stores were for sale, or what reply was received, because there was no evidence except hearsay that Lippman talked with Mr. Watt. Lippman testified that the person with whom he talked said his name was Watt but Lippman did not know that the statement was true and Watt was not called to testify. The ruling excluding this line of testimony was correct.

It appears that the plaintiff through a third person brought to the attention of a salesman in the employ of the Liggett Company the fact that the Reiner Company's stores were for sale but as it does not appear that the salesman had authority other than as a salesman it cannot be said that information communicated to him constituted notice to the Liggett Company that the stores were for sale. The ruling excluding the details of the conversation with the salesman was correct.

Within said period of six months the defendant without the aid of any broker sold all of the stores in question to the Liggett Company and the question arises whether the defendant by so doing breached his contract with the plaintiff giving him authority to sell the stores. The question presented is whether the defendant gave the plaintiff, as he alleges in his declaration, the exclusive right to sell the stores or only the exclusive agency to sell. The plaintiff relies upon a letter signed by the defendant, but prepared by the plaintiff, confirming a conversation by which the plaintiff obtained authority to sell the stores. The material portion of the letter is as follows: "You are hereby granted the exclusive agency for the sale of the above" (stores) "for a period of six months from this date and we hereby agree to pay you a commission of 10% for securing a customer." It will be noted that the language used is "the exclusive agency" and not "the exclusive right to sell". Courts have frequently declared that the giving of an exclusive agency to sell does not preclude the owner from selling to a customer not procured through the efforts of a broker. The rule is stated in 9 C. J. 622, as follows: "Where, however, the broker is given merely an exclusive agency, as distinguished from an exclusive right to sell, it merely precludes the principal from employing another broker, and does not preclude him from making a sale himself, without the broker's aid, and in such a case he will not be liable to the broker for commissions, unless there is a special contract giving a right to commissions regardless of who makes the sale, or unless he sells through another broker." See also *Ettinger* v. *Loux*, (N. J.) 115 Atl. 384; *Harris* v. *McPherson*, (Conn.) 115 Atl. 723; *Ingold* v. *Symonds*, (Ia.) 99 N. W. 713; *Smith* v. *Preiss*, (Minn.) 136 N. W. 7. As opposed to this general rule the plaintiff relies upon a line of cases (see *Randall* v. *Peerless Motor Car Co.*, 212 Mass. 352) involving the giving by an automobile manufacturer the exclusive agency to sell the manufacturer's products within a certain limited territory. In each case the written contract between

the manufacturer and agent imposed so many duties and obligations upon the agent that the court arrived at the conclusion from all the circumstances that it must have been the intention of the parties that the manufacturer should not within the agent's territory compete with the agent, even by selling direct to the customer. This line of cases in no wise derogates from the general rule applicable to facts similar to those involved in the case before us. As the plaintiff had only an exclusive agency and not the exclusive right to sell the defendant had the right to sell the stores provided no assistance was obtained from another broker.

Nothing was presented which tended to show that the plaintiff was the procuring cause for the sale to the Liggett Company, and as we have already indicated it does not appear that the plaintiff ever brought to the attention of said company the fact that said stores were for sale. Nothing was offered to show that the defendant was not negotiating with said company for some time prior to the plaintiff's appointment as agent up to the time of the sale. The plaintiff argues that the defendant fraudulently interfered with and sold to his customer but it does not appear that the plaintiff ever had a customer.

All of the plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the nonsuit.

*Alexander L. Churchill, Philip C. Joslin, Wilson, Churchill & Curtis*, for plaintiff.

*Fitzgerald & Higgins, Laurence J. Hogan*, for defendant.