MARTIN REALTY COMPANY, A CORPORATION, RESPONDENT, v. JOSHUA C. FLETCHER, APPELLANT.

Submitted October 15, 1926—Decided March 15, 1927.

1. Where an exclusive right to sell property is given to a real estate broker, the broker is entitled to a commission of any sale thereof made by the principal within the time specified in the contract; but where the broker is given merely an exclusive agency, as distinguished from an exclusive right to sell, it merely precludes the principal from employing another broker, but does not preclude the principal from making a sale himself without the broker's aid.

2. Where a real estate broker has an exclusive agency to sell property, as distinguished from an exclusive right to sell, the owner of the property will not be liable to the broker for commissions unless there is a special contract to that effect, or unless he sells through another broker.

3. F. entered into a contract with the M. Company, real estate brokers, which read, "I hereby authorize exclusively the M. Company to sell or exchange the property described on the reverse side of this card, and in the event of said property being sold or exchanged, agree to pay them a commission," naming the rate of commission—*Held*, that this writing vested in the brokers an exclusive agency, and not an exclusive right to sell, and that the owner was not liable to the brokers for commissions on a sale made by himself.

---

On appeal from a judgment of the District Court of the First Judicial District of the county of Essex.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *James P. Mylod.*

For the respondent, *Peck & Davis.*

The opinion of the court was delivered by

KATZENBACH, J.   This is a defendant's appeal from a judgment of the District Court of the First Judicial District of the county of Essex.   The suit was instituted to recover commissions upon an alleged sale of property belonging to the defendant.   The defendant, on April 8th, 1924, signed and delivered to the plaintiff the following contract:

"I hereby authorize exclusively the Martin Realty Company to sell or exchange the property described on the reverse side of this card, and, in the event of said property being sold or exchanged, agree to pay them a commission of three and one-half per cent. for improved property, and five per cent. for unimproved property."   At the time of signing the defendant borrowed of the plaintiff $400 to finish the house mentioned in the agreement.   The defendant repaid to the plaintiff the full amount of this loan with interest.   During September, 1924, the defendant conveyed the property to his partner in part settlement of a partnership debt.   The house was taken at an agreed value of $8,500.   Suit was then instituted for commissions based on the above writing.   Judgment for the plaintiff in the sum of $297.50 was given.   Motions to nonsuit and direct a verdict for the defendant were denied by the trial court.   Exceptions were taken to these rulings.   These exceptions are the grounds of appeal.

The plaintiff procured no purchaser.   It advertised the property for sale.   It procured no customer.   No sale was made by reason of any advertising which the plaintiff did. If the writing set forth gave the plaintiff an exclusive right to sell the property the judgment was properly rendered. Where an exclusive right to sell property is given to a real estate broker, the broker is entitled to a commission on any sale thereof made by the principal within the time specified in the contract. 9 *C. J.* 622.   Where, however, the broker is given merely an exclusive agency, as distinguished from an exclusive right to sell, it merely precludes the principal

from employing another broker and does not preclude the principal from making a sale himself without the broker's aid. In such a case he will not be liable to the broker for commissions, unless there is a special contract to this effect, or unless he sells through another broker. *Ibid.* 622, 623.

In the present case we construe the writing in question as an exclusive agency and not as an exclusive right to sell the property. In *Ettinger* v. *Loux,* 96 *N. J. L.* 522, the writing read:

"Philip Ettinger, Agent.

I hereby authorize the above to sell my property at 189 16th Ave. at a 3½ per cent. rate, for $11,000.00 or any price above $11,000.00; provided said property is sold by Mr. Philip Ettinger within (30) thirty days from this date in accordance with my provisions of sale mortgage $4,000.

Dated 9/8/1919.

HENRY A. LOUX."

It was held in this case by the Court of Errors and Appeals that this authorization was a naked revocable power and an offer to pay for services when rendered, if performed before revocation, and did not prevent the owner from making a sale of his property independently of the broker.

We think the decision in this case controls the present case.

The respondent on the question of consideration urges that the loan of $400 created a consideration for the agreement and changed its character in the respect mentioned. We do not think that the making of this loan which was paid by the defendant puts the agreement upon any higher plane than the advertising of the defendant's property by the plaintiff below.

The judgment is reversed, with costs.