# BALTIMORE CITY COURT.

Filed October 26, 1927.

## DAVID W. CHERTKOFF
## VS.
## SARAH R. PASQUITH.

*Karl F. Steinmann* and *Joseph Meyerhoff* for plaintiff.

*John W. Farrell* for defendant.

FRANK, J.—

This case was tried before me without a jury. It grows out of a contract of employment between the defendant and the plaintiff, whereby the former employed the latter as her exclusive agent to sell or rent the property, No. 614 N. Howard street. The contract contains, among others, the following provisions:

"This exclusive employment is to continue for a period of two months, and monthly thereafter until I give thirty days' written notice of cancellation. If the said property is sold, rented during the life of this contract by the said broker, or by the owner, or through any other agency or broker, the said owner, in consideration of the acceptance of such employment by said broker, hereby agree to pay said broker a commission on the amount for which property is sold or rented, according to the rates adopted by the Real Estate Board of Baltimore City, and printed on the reverse side hereof."

I find, as a fact, that the defendant never gave to the plaintiff the thirty days' written notice of cancellation therein provided for. I further find that, on or about November 15th, 1923, the defendant, through other brokers, sold the property for the sum of $50,000.00. Prior to the making of that sale, the plaintiff and defendant had agreed that the sales price of $100,000.00, stipulated in the contract of employment, need not be adhered to, but that the plaintiff was authorized to procure a purchaser for a less amount than that, to be approved by the defendant. The effect of this agreement was to continue the exclusive agency of the plaintiff to sell the said property, but the requirement that the sales price must be $100,000.00 was eliminated. I further find that, not only was no written notice of cancellation of the contract given, as prescribed by its terms, but the parties never agreed in writing, orally or by their conduct, to cancel or abandon the same. I, therefore, find that the sale of November 15th, 1923, was made by the defendant while the exclusive agency contract was still in force and effect.

It is not contended by the plaintiff that he had anything to do with the making of the sale of November 15, 1923, and his right to recover commissions herein must depend entirely upon the meaning and effect of the provisions of the contract of employment herein above set out. It is thereby stipulated that, if the property be sold during the life of the contract by the broker or by the owner or through any other agency or broker, the owner, in consideration of the acceptance of the employment by the broker, agrees to pay the broker a commission on the amount for which the property is sold as in the contract prescribed.

The authorities, as a general rule, hold that where a real estate broker has been given the exclusive right to sell property, he is entitled to a commission on any sale thereof made by the principal, either independently or through the efforts of another broker within the time specified in the contract of employment, although the exclusive agent's efforts did not contribute towards the sale. 9 C. J. 622, Section 101, and cases cited in notes. In the contract of employment herein involved, however, the parties explicitly agree that the plaintiff shall be entitled to commissions, whether he sells the property, or the owner sells it, or it is sold through any other agent or broker. This may seem to be a harsh provision, but, as stated by the Supreme Court of Pennsylvania in Turner vs. Baker, 225 Pa. 359, at page 362, "If an owner of real estate chooses to make a contract with a broker in which it is stipulated that the broker shall have the exclusive right to sell the property within a specified time and that he shall be entitled to receive a certain commission if a sale be made within the time designated, no matter who makes it, he is bound by its terms and cannot be relieved from a bad bargain because his agreement may have been foolish or imprudent."

I shall refuse all of the plaintiff's and defendant's prayers and, in lieu thereof, shall grant an instruction which seems to me more accurately to express the rule of law governing the decision in this case.

In accordance with my views expressed herein, I shall enter a verdict for the plaintiff for the sum of $1,362.50.