Harry H. Rosin Company, a Delaware corporation, Plaintiff Below, Appellant, v. Andrew A. Eksterowicz and Cecelia Eksterowicz, Defendants Below, Appellees.

(*April* 20, 1950.)

LAYTON and WOLCOTT, J. J., sitting.

*John S. Walker* for the Plaintiff

*James J. Walsh* for the Defendants.

Superior Court for New Castle County, Civil Action No. 300, 1949.

The contract is as follows:

"In consideration of your efforts to procure a purchaser for the property described on the reverse hereof, the undersigned agrees to pay you a commission of 5% on the gross consideration for which the said property is sold or exchanged, by whomsoever such sale or exchange may be made or effected during the term of this Agreement or any extension thereof. Authority is hereby given you to act as Sole and Exclusive Agent to be Non-Revocable During a period of 3 months from the date hereof, and this Agreement shall continue in force thereafter until either party shall give to the other one month's notice in writing of the cancellation therof, and the sole right and privilege is hereby given to Harry H. Rosin Co. to sell said property during the term of this Agreement or any extension thereof. Exclusive privilege is granted to place your sign on the property. The undersigned agrees to permit Harry H. Rosin Co., its agents or employees, and pros-

pective purchasers to inspect said property at reasonable times during the term of this Agreement or any extension thereof.

"If subsequent to the expiration of this agreement or any extension thereof or upon revocation of authority hereunder, the property shall be sold or exchanged to anyone with whom you or Harry H. Rosin Co., or its representatives have been negotiating, during the term of this Agreement or for 90 days thereafter, then said Commission will be paid nevertheless to Harry H. Rosin Co.

"It is agreed that the commission will be earned if for any reason the owner withdraws the property from sale prior to the expiration of this contract, or if the owner refuses to sell to any purchaser whom the undersigned or Harry H. Rosin Co., its agents or employees may obtain under this contract."

After the execution of the agreement, Rosin put its sign upon the property, advertised it and showed it to one or more prospective clients. Thereafter defendants became dissatisfied, revoked the agency, and prior to the termination date of the contract sold it themselves by means of advertising in the newspapers. This suit is for commisions which, under the contract, it is claimed are due plaintiff regardless of who made the sale. Defendants denied liability upon several theories, the most important defense being that the contract gave an exclusive agency only and that they were free to make sale independently of the agent and without liability for commissions.

At the trial we directed a verdict for defendant upon the theory that it was not clear from the terms of the instrument whether an exclusive agency or an exclusive right of sale was intended. Resolving the ambiguity against plaintiff, the drafter of the contract, we concluded that there was an exclusive agency only which left defendants free to make sale of their property

free from liability to plaintiff for commissions. Plaintiff had filed a motion for new trial.

LAYTON, Judge.

■ ■ An examination of many of the decisions bearing upon the right of a real estate agent to recover commissions indicates that the apparent confusion among them is capable of being resolved into certain fairly definable trends. Thus, where the contract is for an exclusive agency only, the owner is free to sell his property himself without liability to the agent for commissions. *Polk-Bourne Real Estate Co.* v. *Kahn*, 172 *Ark.* 593, 289 *S. W.* 770; *Faith v. Meisetschlager*, 45 *Cal. App.* 7, 187 *P.* 61; *Wozniak* v. *Seigle*, 226 *Ill. App.* 619; *Hedges Co.* v. *Shanahan*, 195 *Iowa* 1302, 190 *N. W.* 957; *Des Rivieres* v. *Sullivan*, 247 *Mass.* 443, 142 *N. E.* 111; *Smith* v. *Preiss*, 117 *Minn.* 392, 136 *N. W.* 7, *Ann. Cas.* 1913D, 820; *Martin Realty Co. v. Fletcher*, 103 *N. J. L.* 294, 136 *A.* 498; *Davis v. Van Tassel*, (*Sup. Ct.*) 107 *N. Y. S.* 910; *Head-Berry Co.* v. *Bannister*, 52 *Okl.* 763, 153 *P.* 669; *Donahue* v. *Reiner Co.*, 46 *R. I.* 302, 127 *A.* 359; *Bomar v. Munn*, (*Tex. Civ. App.*) 158 *S.W.* 1186; *Flinders v. Hunter*, 60 *Utah* 314, 208 *P.* 526, 28 *A. L. R.* 886 and *Roberts* v. *Harrington*, 168 *Wis.* 217, 169 *N. W.* 603, 10 *A. L. R.* 810. This is not so, however, where, when the owner makes the sale, the agent has produced a buyer in accordance with his contract or when the owner in bad faith has otherwise defeated the agent from making good his sale.[1] *Staats v. Mangelsen*, 105 *Neb.* 282, 180 *N. W.* 78; *Miller* v. *Brown*, 115 *Wash.* 177, 196 *P.* 573.

Where the contract of agency grants the exclusive right of sale and the owner sells his property at a time when the agent has neither procured a buyer nor is then actively negotiating with a bona fide purchaser, the cases are in decided conflict. Most of the

---

1. This would normally be a question of fact for a jury.

authorities hold that the agent has a right of action against the owner. There is substantial authority to the effect that, in such case, the agent may recover his full commissions under the contract. *Harris* v. *McPherson,* 97 *Conn.* 164, 115 *A.* 723, 24 *A. L. R.* 1530; *Jones* v. *Hollander,* 130 *A.* 451, 3 *N. J. Misc.* 973. Other cases preclude any recovery whatsoever. *South Florida Farms Co.* v. *Stevenson,* 84 *Fla.* 235, 93 *So.* 247; *Beck* v. *Howard,* 43 *S. D.* 179, 178 *N. W.* 579; *Turner* v. *Baker,* 225 *Pa.* 359, 74 *A.* 172. And at least one well reasoned decision seems to hold that the agent's right of recovery is limited to his out of pocket expenses and time spent in attempting to make a sale, together, perhaps, with damages as the result of being deprived of his right to effect a sale during the remainder of the contract period. *Isern* v. *Gordon,* 127 *Kan.* 296, 273 *P.* 435, 64 *A. L. R.* 391.

Where the contract is one for an exclusive right of sale and the agent produces a purchaser prior to a sale by the owner or the owner in bad faith defeats a sale by the agent, it goes without saying that the agent may recover his full commission. *Tsangares* v. *Fugazzi,* 54 *App. D. C.* 334, 298 *F.* 207; *Popplewell* v. *Buchanan,* (*Tex. Civ. App.*) 204 *S. W.* 874.

■■ There is yet another class of agency contracts wherein an exclusive right to sell is coupled with an agreement by the owner that the agent shall be entitled to his full commission no matter who accomplishes the sale. This, we believe, is such a contract. Upon reconsideration of the whole agreement we are of the opinion that it is fairly susceptible of the interpretation that the agency granted is an exclusive right of sale. Not only does the agreement state that Rosin shall have the "sole right and privilege" to sell but the reservation that he shall be entitled to his commission in the event the property is sold by anyone else clearly indicates that the owner intended this result. The contract providing, as it does, that Rosin is entitled to his full commission even though

it did not effect the sale, we conclude that not only did Defendants breach the agreement by selling their property themselves, but also that the measure of damages would be the full commission. *Turner* v. *Baker, 225 Pa.* 359, *74 A.* 172. This result rests upon the fundamental maxim that the parties are bound by the terms of their own agreement.

■ ■ The provisions of this agreement, however, are exceedingly one-sided. The agent quite evidently has taken great care to protect his commission against every possible contingency. He has provided that he shall have the exclusive right to the sale of the property which, under the law above cited, places him in a preferred position. He has stipulated that the seller shall pay his full commission regardless of who makes the sale. The burden of revoking the agent's authority at the expiration of 90 days is placed upon the owner who, if he should fail to notify the agent of an intention to terminate the agency, remains bound by its terms until he should give one month's notice, in writing, of its cancellation. The contract even goes so far as to provide that if within three months after its termination, the property should be sold by the owner to a buyer with whom he or the agent had been negotiating during the term of the agreement, then the full commission shall be payable to the agent. In return, the agent promises merely to use his "efforts" to make a sale, whatever that vague term may be taken to mean. The basic question whether or not agency agreements of this sort are supported by valid consideration is not open to consideration in this case because defendants did not, under Rule 8 (c) of the Superior Court Rules, affirmatively set forth the defense of failure of consideration.[1] We will say in passing, however, that substantial authority exists for the proposition that such expressions as "in consideration of our efforts to sell your

1. Defendant's failure to plead lack of consideration would have made no difference in the outcome here for Rosin accepted the agreement by advertising the property and attempting to sell it.

property" will not furnish the necessary consideration to support a bilateral agreement. *Bell* v. *Dimmerling,* 149 *Ohio St.* 165, 78 *N. E.* 2d 49; *Restatement of Agency, Vol.* 2, *Sec.* 449 (B) *p.* 1058; and compare *Abbott* v. *Stephany Poultry Co.,* 5 *Terry* 513, 62 *A.* 2d 243. If consideration is lacking, the agreement would necessarily have to be construed as unilateral in character, that is to say, an offer revocable at the will of the offeree until the completion of the required act. In such event the more modern trend of the authorities is to require, not full performance, but an acceptance on the part of the agent to be inferred from his advertising the property and otherwise making bona fide attempts to sell it. This, again, would be a question of fact which, if proved, would justify the conclusion that the unilateral offer had been converted into a binding bilateral agreement. *Hutchinson* v. *Dobson-Bainbridge Realty Co., (Tenn. App.)* 217 *S. W.* 2d 6; *Bell* v. *Dimmerling* and *Abbott* v. *Stephany Poultry Co., supra.*

For the reasons above stated, we regretfully conclude that we must uphold the agreement in this case. If persons choose to be so improvident as to enter into this one-sided sort of contract, they must be bound by its terms and Courts are powerless to relieve them from the effect of what later may appear to be a bad bargain.

The motion for a new trial is granted and, because none of the defenses offered by the defendants can be sustained, it would appear that our only alternative is to enter judgment for the plaintiff for the full commissions. This question may be settled when plaintiff's counsel presents an order in accordance with the terms of this opinion.