**G. L. DOUGHERTY, Plaintiff,**

v.

**J. Richard DURHAM, Defendant.**

Superior Court of Delaware.

New Castle.

Jan. 16, 1969.

Nathan P. Michlin, of Michlin & Woloshin, Wilmington, for plaintiff.

Eduard F. von Wettberg, III, of Morris, James, Hitchens & Williams, Wilmington, for defendant.

## OPINION

MESSICK, Judge.

This is an action by plaintiff broker for a commission allegedly due him from the sale of certain real property formerly owned by defendant. In April of 1964 the parties entered into an agency authorization agreement granting plaintiff the exclusive right to sell defendant's property for six months " * * * and thereafter until cancelled by ten days' written notice." The agreement further stipulated that plaintiff would be entitled to a commission if the property were sold by him or "any other person" during the period of the agreement. Although plaintiff placed his sign on the property and showed it to prospective buyers, except for an option agreement that was never exercised, no sale was effected within the six months' period. On October 16, 1964, defendant notified plaintiff by letter to remove his sign from the property. Plaintiff subsequently ceased his efforts to sell the property and eventually thereafter defendant located a buyer with whom he entered into a contract of sale on February 6, 1965, and conveyed the property on July 30, 1965 to one Vincent Youmans for the sum of $37,500.00. Plaintiff seeks to recover a commission on said sale in the amount of $2,250.00.

The issue is whether an agreement giving a broker an exclusive right to sell real property for a period of time can be terminated by an owner upon notifying the broker in writing to remove his sign from the property.

▪ Absent a bad faith attempt to deprive a broker of his commission, an owner may discharge a broker at any time after expiration of the original term of the

agency agreement. Slaughter v. Stafford, 1 Storey 168, 141 A.2d 141, 144 (Sup.Ct.Del. 1958). Defendant in the instant case, by notifying plaintiff upon expiration of the six month period to remove his sign from the property, effectively terminated the agreement. A formal request that a real estate broker remove his sign from the property can leave little doubt in the mind of the broker that his agency is terminated. That plaintiff realized this fact is confirmed by his subsequent cessation of efforts to procure a sale and still later request for permission to again attempt to sell the property. Plaintiff relies heavily upon the case of Harry H. Rosin Co. v. Eksterowicz, 6 Terry 314, 73 A.2d 648 (Del.Super.1950). This case is, however, readily distinguishable, since the termination of the agency agreement by the owner was *prior* to expiration of the original term of the agreement.

Judgment for the defendant should be entered accordingly.

It is so ordered.